375 So.2d 351 (1979)
Charles L. DeCARLO, Appellant,
v.
Clem H. SAMMONS, Appellee.
No. 79-74.
District Court of Appeal of Florida, Third District.
October 2, 1979.
Diaz-Asper, Chulock & Chulock and Victoria W. Chulock, Coral Gables, for appellant.
Wakefield, Hewitt & Webster and Harold D. Moorefield, Jr., Miami, for appellee.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
PEARSON, Judge.
Defendant Charles L. DeCarlo appeals a summary final judgment awarding plaintiff Clem L. Sammons $4,500.00 in a suit for accountant's fees. A point on appeal urges that the trial court erred in its order denying the defendant's requested permission to file a compulsory counterclaim.
We reverse the summary judgment because the pleadings, together with the answers to interrogatories and request for admissions, do not establish the absence of a genuine issue of material fact concerning: (1) whether the defendant agreed to be personally liable for services to certain corporations and (2) whether the accounting work for which the suit was brought was performed in a manner commensurate with the reasonable standards in the community for such work. It is well to note that no deposition or any discovery, other than the interrogatories and request for admissions, has been undertaken. See Holl v. Talcott, *352 191 So.2d 40 (Fla. 1966); and see Wills v. Sears, Roebuck & Company, 351 So.2d 29 (Fla. 1977); Commercial Union Insurance Company v. Bayfront Medical Center, 363 So.2d 1124 (Fla. 2d DCA 1978); and O'Grady v. Wickman, 213 So.2d 321 (Fla. 4th DCA 1968).
It is entirely possible that the trial court was influenced in this cause by the fact that the record is susceptible to a conclusion that the defendant has been dilatory and that the pleadings tendered may not be workmanlike in form and content. Nevertheless, the entry of a summary judgment is not a proper vehicle for the disposition of faulty or insufficient pleadings. See McClendon v. Key, 209 So.2d 273 (Fla. 3d DCA 1968); and Curley v. Finest Homes, Inc., 167 So.2d 739 (Fla. 2d DCA 1964).
We find merit in the defendant's argument that he should have been permitted to file the compulsory counterclaim tendered just over two months prior to the hearing on the motion and summary judgment and prior to the setting of the trial of the cause. There is no showing in this record that the filing of the counterclaim, even though late in the development of the pleadings, would delay the trial of the cause, inasmuch as the matters alleged in the counterclaim had already been presented to the court in the affirmative defenses. See Fla.R.Civ.P. 1.190(a); and cf. Romish v. Albo, 291 So.2d 24 (Fla. 3d DCA 1974).
Accordingly, the judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.