388 So.2d 1284 (1980)
Martin PLYSER and Gloria Ann Plyser, Appellants,
v.
Demitri HADOS, Sylvia Hados and Joseph S. Meister, Appellees.
No. 79-2267.
District Court of Appeal of Florida, Third District.
September 30, 1980.
Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kniskern and A.H. Toothman and R. Owen Ricker, Jr., Cuadrado & Parks, Miami, for appellants.
William Grodnick, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
We vacate summary final judgment rendered below adversely to plaintiffs (appellants). That order issued after the trial court denied appellants' motion for leave to amend their complaint.[1] Since the court's summary disposition pertained only to those issues raised in the original pleading, and since we find as a matter of law that the court should have allowed the proffered amendment, we remand for consideration of the issues raised therein.
*1285 Appellant, a licensed plumbing contractor, was severely shocked while installing the water hookup of a new dishwasher in the home of appellees Hados. The faulty electrical connection was made by appellee Meister with a "pigtail" connector provided by the homeowner.
Whatever the shortcomings, if any, of appellants' original complaint, entry of summary judgment is not the proper vehicle for disposition of faulty or inefficient pleadings. DeCarlo v. Sammons, 375 So.2d 351 (Fla.3d DCA 1979); Booth v. Mary Carter Paint Co., 182 So.2d 292 (Fla.2d DCA 1966). The extensive record below reflects disputed issues of fact precluding summary judgment; specifically, whether the faulty electrical connection was an obvious or hidden defect; and the existence of express or implied knowledge of the defect on the part of the homeowners. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965); Hall v. Holland, 47 So.2d 889 (Fla. 1950); Milby v. Pace Pontiac, Inc., 176 So.2d 554 (Fla.2d DCA 1965). Any doubt on issues of negligence should always be resolved in favor of a jury trial. Miami Coin-O-Wash, Inc. v. McGough, 195 So.2d 227 (Fla.3d DCA 1967); Musachia v. Rosman, 190 So.2d 47 (Fla.3d DCA 1966); Grall v. Risden, 167 So.2d 610 (Fla.2d DCA 1964).
Upon review of the pleadings, we have concluded that the trial court erred in its refusal to allow the requested amendment. Appellants' complaint contained a number of allegations of negligence on the part of the co-appellees which were amplified by the attempted amendment. This reformulation of the issues reflected evidence elicited during the course of discovery and therefore could not have constituted surprise. Cf. United Telephone Co. v. Mayo, 345 So.2d 648 (Fla. 1977). Moreover, appellants' motion was made more than two months prior to the date of trial. It is well established that leave to amend should be freely given[2], particularly where, as here, the amendment is based on the same conduct, transaction and occurrence upon which the original claim was brought, Knipp v. Weinbaum, 351 So.2d 1081 (Fla.3d DCA 1977), and the party seeks amendment at or before a hearing on a motion for summary judgment. Sarasota Commercial Refrigeration v. Schooley, 381 So.2d 1141 (Fla.2d DCA 1980); Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp., 353 So.2d 137 (Fla.3d DCA 1977); Haag v. Phillips, 333 So.2d 507 (Fla.2d DCA 1976).
Where the record indicates that a plaintiff may have a viable claim if properly pleaded, the plaintiff is to be afforded an opportunity to amend the complaint. Gold Coast Crane Service, Inc. v. Watier, 257 So.2d 249 (Fla. 1971); Greenburg v. Johnston, 367 So.2d 229 (Fla.2d DCA 1979); Forte v. Tripp & Skrip, 339 So.2d 698 (Fla.3d DCA 1976).
Accordingly, the order of summary judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
NOTES
[1] Fla.R.Civ.P. 1.190.
[2] Fla.R.Civ.P. 1.190(a).