ERVIN, Judge.
Costin and Gibson appeal an order granting partial summary judgment as to the allegations contained in Count II of their complaint, seeking general damages for slander of title.[1]
Plaintiffs/appellants, owners of oceanfront property in Gulf County, filed a complaint seeking to enjoin the defendants/ap-pellees from harassing and interfering with certain construction work being performed on the property. Later, the appellants amended their complaint to include a second count for slander of title. The second count, however, did not contain a plea for special damages. On June 16,1978, the appellees filed both a motion to dismiss the complaint and an answer. On August 28,1978, the appellees answered the amended complaint and filed a counterclaim alleging malicious prosecution. The appellants moved for summary judgment on the counterclaim. The trial court granted summary judgment for the appellants on the counterclaim; the order was appealed and sustained by us in a per curiam affirmance opinion, styled Malone v. Costin, 383 So.2d 1207 (Fla. 1st DCA 1980). Following the affirmance, the appellees filed before the lower court a motion to dismiss appellants’ amended complaint with prejudice. The record does not indicate whether the motion was ever set for hearing and ruled upon, although the appellees assert in their brief that the motion was denied. Finally, on June 9,1980, the appellees filed a motion to strike appellants’ complaint, which included a request for summary judgment in the alternative, but which was not accompanied by supporting affidavits. The trial court treated the motion as one for summary judgment and, as above stated, granted partial summary judgment in favor of the appellees as to Count II of the complaint because the appellants did not plead special damages and because the record did not otherwise indicate their existence. The appellants contend in their brief, although the record again does not so indicate, that they moved the court to amend their complaint to allege special damages, but that the court denied this request. The record reveals only that appellants raised this issue via a motion for rehearing which was denied by the lower court.
The appellants contend, and we agree, that the lower court erred in granting summary judgment in favor of the ap-pellees. We are cognizant of the rule that special damages are an essential element in a slander of title action. Gates v. Utsey, 177 So.2d 486 (Fla. 1st DCA 1965). However, summary judgment is not a proper vehicle for the disposition of faulty or inefficient pleadings.[2] See Plyser v. Hados, 388 So.2d 1284 (Fla. 3d DCA 1980); DeCarlo v. Sammons, 375 So.2d 351 (Fla. 3d DCA 1979); Booth v. Mary Carter Paint Co., 182 So.2d 292 (Fla. 2d DCA 1966).
Moreover, the appellees did not meet their burden essential to obtain a summary judgment. The moving party for summary judgment must prove the non-existence of a material fact in issue. Holl v. Talcott, 191 So.2d 40 (Fla.1966). Here the appellees did not demonstrate that the appellants sustained any special damages. The appellees cannot shift this burden to the appellants by pointing to the record and arguing that the appellants had neither alleged nor proven special damages.
We reject also the appellees’ alternate contention that the trial court was justified in entering a summary judgment as a sanction against the appellants’ lack of diligence in prosecuting their claim. A summary judgment cannot be granted merely because the opposing party may have been dilatory. DeCarlo v. Sammons, supra. Moreover, the record establishes that the appellants’ complaint could not *1259 have been dismissed for failure to prosecute under Florida Rule of Civil Procedure 1.420(e). Even had the appellees presented grounds for such a dismissal, a dismissal on such a basis would not have constituted an adjudication of the merits or a bar to a subsequent suit. See Zukor v. Hill, 84 So.2d 554 (Fla.1956).
The order granting summary judgment in favor of the appellees is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion, including a motion to permit appellants to amend their complaint by alleging special damages, if they can, in support of the relief sought under Count II of their amended complaint.
LILES, WOODIE A. (Retired) and PEARSON, TILLMAN (Retired), Associate Judges, concur.

. Although the issue was not raised below, we observe that we have appellate jurisdiction because the order granting partial summary judgment as to Count II was a final appealable order since slander of title is a separate and distinct cause of action than the relief requested under Count I. See Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla.1974).

. For this reason we do not reach the appellants’ second point on appeal: Whether the form of the appellees’ motion complied with the applicable Florida Rules of Civil Procedure.