PER CURIAM.
This is an appeal from a summary final judgment for the defendant in a wrongful death action. The plaintiff, as appellant here, urges that there is a genuine issue of material fact in that the defendant had a duty to warn the plaintiff’s decedent under the factual circumstances of the injury. The defendant as movant in the trial court and as appellee here relied upon an assertion that the defendant had no duty to warn of the dangers of using a CB antenna in close proximity to an electric power line. The judgment was entered upon the trial court’s holding that there was no duty to warn. We do not decide that issue, but hold that the judgment must be reversed because the plaintiff was deprived of a right to amend. Plyser v. Hados, 388 So.2d 1284 (Fla. 3d DCA 1980).
Here, the defendant filed an answer which denied the allegations of the complaint and moved for summary judgment. The trial judge struck the affidavit of plaintiff’s expert witness filed in opposition to summary judgment and entered summary judgment in favor of defendant. The court stated in the judgment that the basis therefor was this court’s holding in Ortiz v. Tandy, 378 So.2d 1299 (Fla. 3d DCA 1979), and the case of Genaust v. Illinois Power *618 Company, 62 Ill.2d 456, 343 N.E.2d 465 (1976), cited in Ortiz, supra.[1]
It is apparent that the decision of the trial court was based exclusively upon the determination that under the facts alleged in the complaint there was no duty to warn plaintiff’s decedent of the danger which brought about his death. This may be correct or incorrect as the facts are developed in this case. Issues of fact were thus presented which were inappropriately disposed of on a motion for summary judgment. See Robinson v. Broward County School Board, 405 So.2d 274 (Fla. 4th DCA, 1981).
We hold that summary judgment was premature and that plaintiff-appellant must be given the opportunity to amend the complaint and to file a further affidavit, if she so desires.[2] Plyser v. Hados, supra. See also Stephens v. Dichtenmueller, 216 So.2d 448 (Fla.1968).
Reversed and remanded for further proceedings.

. Genaust, supra, suggests that a duty to warn is not required where the possibility of injury results from a common propensity of a product which is open and obvious. However, that case, we feel, does not address the issue of a manufacturer’s duty to warn of an allegedly latent danger of electrocution from the use of an antenna where it may appear to the user that a particular portion of the antenna will not conduct electricity.

. Even where a summary judgment should be granted but it appears that the plaintiff may have a cause of action not pleaded, the proper procedure is to enter summary judgment but with leave to amend in that suit. Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla.1963); Dorset House Association, Inc. v. Dorset, Inc., 371 So.2d 541 (Fla. 3d DCA 1979).