511 So.2d 682 (1987)
Edward ASSAD and Risa A. Assad, His Wife, Appellants,
v.
Herbert A. MENDELL, Jr. and Jo Marie Mendell, His Wife, Howe Construction Company, Inc., a Florida Corporation, and Citicorp Savings Mortgage Company of Florida, Inc., a Florida Corporation, Appellees.
No. 87-47.
District Court of Appeal of Florida, Third District.
August 11, 1987.
Rehearing Denied September 18, 1987.
*683 Rudolph Browd, Miami, for appellants.
Horton, Perse & Ginsberg and Mallory Horton, Moschell & Moschell, Shutts & Bowen and Don A. Lynn and John E. Meagher, Miami, for appellees.
Before NESBITT, FERGUSON and JORGENSON, JJ.
PER CURIAM.
The Assads contracted to purchase a house from the Mendells. The Mendells were to provide a roof inspection at their own expense to inspect for leaks. The contract further provided that the Mendells would pay to repair any leaks discovered by the inspection. Howe Construction Company (Howe) performed the inspection and failed to discover any leaks. The Assads took a mortgage from Citicorp Savings Mortgage Company of Florida, Inc. (Citicorp), in order to finance their purchase. After the Assads moved into the house, they discovered that the roof was leaking and that repairs would cost approximately $12,000.
The Assads brought an action against the Mendells, alleging in count I that the Mendells fraudulently induced them to purchase the home by misrepresenting the condition of the roof; in count II they sought punitive damages based upon the Mendells's fraud. The Assads also brought suit against Howe and Citicorp alleging in counts III and IV, respectively, that Howe and Citicorp were liable for negligence. The trial court dismissed counts I, II and IV of the Assads' complaint with prejudice as against the Mendells and Citicorp for failure to state a cause of action. The Assads then filed this appeal.
Finding that the Assads alleged all of the necessary elements to state a cause of action for fraud against the Mendells, we reverse that portion of the trial court's order dismissing counts I and II of the Assads' complaint. However, since Citicorp's attorney did not owe a duty to the Assads, we affirm the dismissal of count IV of the Assads' complaint alleging negligence against Citicorp.
In order to state a valid cause of action for fraudulent misrepresentation the complaint must allege the following elements: "(a) the misrepresentation of a material fact [by the defendants] ...; (b) that the defendants knew the falsity of the representation; (c) that the defendants made the representation intending that the plaintiffs would rely on it in purchasing the house; (d) that the plaintiffs did rely on the representation in purchasing the house; and (e) that the plaintiff's [sic] reliance caused damage." Rubens v. Glinsky, 473 So.2d 20, 20 (Fla. 3d DCA 1985); see also Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985); American Int'l Land Corp. v. Hanna, 323 So.2d 567, 569 (Fla. 1975). Additionally, "[p]unitive damages are recoverable where the tortious act complained of is fraud." Tinker v. De Maria Porsche Audi, Inc., 459 So.2d 487, 493 (Fla. 3d DCA 1984), review denied, 471 So.2d 43 (Fla. 1985). The Assads alleged that the Mendells fraudulently misrepresented that the condition of the roof was good and that there were no leaks, even though the Mendells were aware that the roof was in disrepair when they made the statement. The Assads further alleged that the Mendells made the statement to induce them to close the deal on the home, and that the Assads did in fact rely on the representation and as a result suffered $12,000 in damages. Upon the Mendells motion to dismiss, the trial court should have taken these allegations as true without regard to the sufficiency of evidence the Assads were likely to produce. N.E. at West Palm Beach, Inc. v. Horowitz, 471 So.2d 570 (Fla. 3d DCA 1985); Raney v. Jimmie Diesel *684 Corp., 362 So.2d 997 (Fla. 3d DCA 1978). Based upon these allegations, the Assads' complaint stated with sufficient particularity all of the elements necessary to state a cause of action for fraud and for punitive damages. Therefore, the trial court erred in dismissing counts I and II of the complaint.
We do not agree with the Assads' second point on appeal, that is, that the trial court erred in dismissing its complaint as against Citicorp. Citicorp evaluated the house and the creditworthiness of the Assads and then decided to provide financing to the Assads at the Assads' request. To this end Citicorp employed an attorney to represent its interests in this evaluation. The Assads relied upon the fact that the attorney will normally advise Citicorp against lending money for the purchase of a house if the roof is leaking, or if the house has other major damage. The Assads contend that Citicorp's attorney, acting as an agent for Citicorp, owed a duty to the Assads to carry out Citicorp's procedures in a non-negligent manner. We find no merit in this contention. Citicorp's interests are not aligned with the Assads' interests since the Assads are a client of Citicorp, and Citicorp intends to make a profit from lending money to the Assads. Since these two parties's interests may very well conflict, Citicorp's attorney can not be expected to protect the interests of his client as well as those of the Assads'. Cf. Amey, Inc. v. Henderson, Franklin, Starnes & Holt, P.A., 367 So.2d 633 (Fla. 2d DCA) (seller's bank's law firm owed no duty to buyer for the negligent performance of a title search), cert. denied, 376 So.2d 68 (Fla. 1979); Adams v. Chenowith, 349 So.2d 230 (Fla. 4th DCA 1977) (seller's attorney owed no duty to purchaser since seller's and purchaser's interests were adverse and there was no allegation of intentional misrepresentation against the attorney). As the court in Amey, Inc., 367 So.2d at 635, stated:
Just as in Adams, there was more than one `side' of the transaction before us. The law firm's obligation ran to its client. There is no suggestion that the buyer was harmed by any type of fraudulent conduct. It may be that in transactions such as this the buyer often chooses to rely on the expertise of the lender's lawyer on the premise that the lawyer would not approve the title for the loan unless the title were clear. However, this is a calculated risk, and if it proves to be unfounded, the buyer has no claim that the lawyer violates a duty owed to him. To hold otherwise would place the lawyer in an untenable position, particularly when it is well known that lawyers will often pass certain title defects when examining a title for a loan but refuse to do so when representing a purchaser.
We find the reasoning expressed in Amey, Inc., equally applicable in this case, and hold that Citicorp's attorney, whether acting as an agent for Citicorp or not, owed no duty to the Assads. Therefore we affirm the trial court's order dismissing with prejudice count IV of the Assads' complaint against Citicorp.
Accordingly, the order dismissing the Assads' complaint against Citicorp is affirmed, but the dismissal of counts I and II against the Mendells is reversed, and this case is remanded for further proceedings.