550 So.2d 52 (1989)
Edward G. ASSAD and Risa A. Assad, His Wife, Appellants/Plaintiffs,
v.
Herbert A. MENDELL, Jr. and Jo Marie Mendell, His Wife, Appellees/Defendants.
No. 89-9.
District Court of Appeal of Florida, Third District.
August 29, 1989.
Rehearing Denied November 7, 1989.
*53 Michael L. Kinney, Tampa, for appellants/plaintiffs.
Moschell and Moschell, and Richard M. Gale, Miami, for appellees/defendants.
Before HUBBART, FERGUSON and GERSTEN, JJ.
GERSTEN, Judge.
This is an appeal from: (1) a final summary judgment entered in favor of appellees in an action for damages for fraudulent representation in the purchase of a home; and, (2) a denial of appellants' motion for leave to amend the complaint. We affirm in part and reverse in part.
This appeal marks the third appearance of this case in this court. We will briefly discuss the chronology of the prior appeals to clear the path for the decision in this case. Appellants, Edward and Risa Assad (buyers), purchased a home from appellees, Herbert and Jo Marie Mendell (sellers). Shortly after taking possession of the property, the buyers discovered heavy leaking from the roof and damage to the structure after a heavy rain. The buyers brought suit against the sellers alleging that the sellers had fraudulently misrepresented the condition of the roof to induce them to close the transaction.
In their original complaint, the buyers alleged that after the execution of the contract but before obtaining financing, the buyers had noticed damage to the roof and walls but had been told by the sellers that the roof was in "leak free condition." Relying on the terms of the contract as being dispositive of the issues, the trial court dismissed the action for failure to state a cause of action. This court reversed and sent back the cause holding that the buyers had made sufficient allegations which, if taken as true, constituted a valid cause of action for fraudulent misrepresentation. Hence, the first appearance. Assad v. Mendell, 511 So.2d 682 (Fla. 3d DCA 1987).
The second appearance involved a petition for certiorari which was denied. Assad v. Mendell, 531 So.2d 172 (Fla. 3d DCA 1988). We turn now to the appeal presently before this court.
The buyers were deposed and stated that the allegation concerning fraudulent assurances by the sellers was not true. The buyers never discussed the roof with the sellers after the signing of the contract. The buyers also disputed their own allegation that they had discovered any damage prior to closing. The sellers moved for summary judgment based on the buyers' sworn statements in direct contradiction of their second amended complaint. The buyers then made a motion for leave to file a third amended complaint claiming that the fraudulent misrepresentations by the sellers were made before the signing of the contract instead of after and proposing to so amend their complaint.
Finding that the facts in the second amended complaint were false and misleading, and that they constituted an abuse of the judicial process, the court denied the buyers' motion to amend and granted final summary judgment. The court denied the buyers' motion for rehearing and they appealed.
In this appeal, the trial court's granting of summary judgment was proper as to the second amended complaint. The buyers were bound by the issues as framed *54 by their pleadings. The function of a motion for summary judgment is to determine if the respective parties can produce sufficient evidence in support of the operative issues made in the pleadings. Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963).
The trial court abused its discretion, however, in denying the buyers' motion for leave to file a third amended complaint. As this court explained in Bondu v. Gurvich, 473 So.2d 1307, 1310 n. 2 (Fla. 3d DCA 1984):
[A] party may, with leave of court, amend a pleading at or even after a hearing and ruling on a motion for summary judgment, Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963); Roberts v. Braynon, 90 So.2d 623 (Fla. 1956); Plyser v. Hados, 388 So.2d 1284 (Fla. 3d DCA 1980), and a denial of leave to amend is an abuse of discretion where the proffered amendment indicates that the plaintiff can state a cause of action. Greenburg v. Johnston, 367 So.2d 229 (Fla. 2d DCA 1979); cf. Davis v. Sun First Nat'l Bank of Orlando, 408 So.2d 608 (Fla. 5th DCA 1981) (dicta), rev. denied, 413 So.2d 875 (Fla. 1982). .. .
In the present case, the buyers' depositions demonstrate they can state a cause of action for fraudulent misrepresentation. See Johnson v. Davis, 480 So.2d 625, 629 (Fla. 1986) ("where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer."); Assad v. Mendell, 511 So.2d at 682. Affirmed in part; reversed in part and remanded.