On Motion for Rehearing and/or Clarification

PER CURIAM.
On consideration of appellant’s Motion for Rehearing and/or Clarification, the opinion of this court filed on September 4, 1996, is withdrawn and this opinion is substituted in its stead.
Dollar Systems, Inc., d/b/a Dollar Rent-a-Car, appeals an adverse summary final judgment. We affirm.
Dollar rented a car to appellee Domenico Detto at one of its Miami offices in 1991. Detto is a Venezuelan citizen who was visiting in Miami. Detto was involved in an accident in which he struck a pedestrian. The pedestrian brought suit against Detto and Dollar, but service was only accomplished on Dollar. That tort action was settled for $650,000. •
Thereafter Dollar brought this suit against Detto, seeking to recapture the $650,000 payment. In discovery, Dollar’s corporate representative testified that Dollar had not actually paid the settlement. The corporate representative testified that the entire $650,-000 had been paid by Dollar’s insurer, MCA Insurance Company. MCA had been placed in receivership by the Oklahoma Insurance Commissioner in 1992, several months before Dollar filed the instant lawsuit.
Dollar then took the position that the present lawsuit was being pursued on behalf of MCA. The trial court directed Dollar to amend its pleadings to reflect that it was bringing this case in a representative capacity. Dollar refused to do so.
In due course the trial court entered summary judgment against Dollar reasoning first, that Dollar had failed to comply with the order to amend to show that it was proceeding in a representative capacity; second, that there was no evidence that Dollar had paid any of its own money in the settlement; and third, that based on the text of the rental agreement, Dollar was either obliged to procure liability coverage for the renter, or failing that, Dollar itself would be treated as the insurer. Dollar has appealed.
First, once Dollar took the position that it was proceeding on behalf of MCA, the pleadings should have been amended to reflect that fact. See Fla.R.Civ.P. 1.210. It is important for purposes of res judicata that there be a clear record when the named plaintiff is proceeding for the use and benefit of another. The trial court was well within its discretion to order Dollar to amend, and equally well within its discretion to dismiss Dollar’s representative claim when Dollar refused to do so. Cf. Equitable Life Assurance Society v. Fuller, 275 So.2d 568, 569 (Fla. 3d DCA 1973) (where action not maintainable as class action, remedy is to strike the class *472 claims from the complaint). We therefore affirm the dismissal insofar as Dollar sought to proceed on behalf of MCA.[1]
Second, the summary judgment record is uncontroverted that Dollar did not pay anything toward the $650,000 settlement. That being so, the trial court correctly entered summary judgment in favor of Detto on Dollar’s individual claim.
Since the above points are dispositive we need not reach the remaining ground for summary judgment.
Affirmed.

. There is an additional reason for our ruling on this point. In response to a question at oral argument, it came to light that Dollar had not obtained the consent of the receiver for MCA to proceed on MCA’s behalf. At the request of this court, the Florida Department of Insurance as ancillary receiver confirmed that no consent had been sought or obtained by Dollar. Dollar therefore never had standing to assert a claim on behalf of MCA.
Our affirmance of the trial court ruling is without prejudice to such rights as the MCA receiver may have, if any.