715 So.2d 1132 (1998)
GATE LANDS COMPANY, Appellant,
v.
OLD PONTE VEDRA BEACH CONDOMINIUM, etc., et al., Appellees.
No. 97-3024.
District Court of Appeal of Florida, Fifth District.
August 21, 1998.
Jack W. Shaw, Jr., of Brown, Obringer, Shaw, Beardsley & DeCandio, Jacksonville, and Noah Jenerette, Jr. and Robert E. Schrader, III, of Boyd & Jenerette, P.A., Jacksonville, for Appellant.
Robert L. Rocke and Jodi L. Corrigan of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for Appellees.
*1133 W. SHARP, Judge.
Gate Lands Company ("Gate Lands"), the third party plaintiff below, appeals from a summary judgment in favor of the third party defendants Gerald G. Curts, The Design Advocates, Inc., and Curts Gaines Hall Architects Planners, Inc. ("CGH") (collectively referred to as the "Third Party Defendants").
Gate Lands is the defendant in an action commenced on March 3, 1993, by Old Ponte Vedra Beach Condominium Association, Inc. and Old Ponte Vedra Beach Cabana Club, Inc. (the Plaintiffs). In 1985, the Plaintiffs contracted with Gate Lands to construct improvements on the Plaintiffs' property. The Plaintiffs allege in their complaint that Gate Lands is liable for breach of implied and statutory warranties.
Several years after Gate Lands was sued, it filed a third party complaint asserting numerous claims against its construction manager, sub-contractors, and architects, including Mr. Curts, Design Advocates and CGH. The only counts remaining against the Third Party Defendants when the summary judgment was rendered were counts 1 and 39. They provide:
COUNT I
(Curts and The Design Advocates)
2. Prior to embarking on the planning and construction of the residential units and club, Gate conferred with Curts, a licensed Florida architect practicing his profession in the state of Florida, and based on his representation that he and his company, Design Advocates, were qualified to perform architectural services of the type required to carry out the project contemplated by Gate, did enter into a contract with Curts, and Design Advocates, a corporation of which Curts was a principal officer and director, and by reason of F.S. § 48.101, is now a trustee of the dissolved corporation. A copy of said contract is attached hereto and made a part hereof marked Exhibit "C."
3. By the terms of the agreement, Design Advocates and Curts agreed, among other things, to review the program furnished by Gate to ascertain the requirements of the project; to provide a preliminary evaluation of the program and project; to review alternative approaches to design and construction of the project; to prepare schematic design documents illustrating the scale and relationship of project components; to prepare drawings and other documents fixing and describing the size and character of the entire project as to architectural, structural, mechanical, and electrical systems, materials, and such other elements as may be appropriate; to prepare drawings and specifications setting forth in detail the requirements for the construction of the project; to visit the site at intervals appropriate to the stage of construction to become generally familiar with the quality of the work and to determine if the work is proceeding in accordance with the contract; to keep Gate informed of the quality of the work; to guard the owner against defects and deficiencies in the work; to reject work which did not conform to the contract documents; to review and approve shop drawings, product data and samples; and to prepare change orders. Gate relied on the said representations when entering into the contract.
4. By their representations and entry into the aforesaid contract with Gate, Design Advocates and Curts owed a duty to Gate to exercise that degree of care and skill in carrying out each of the aforesaid functions as would be exercised by other reasonably skilled architects and architectural entities practicing in St. Johns County, Florida, under the same or similar circumstances.
5. In the event one or more of the alleged deficiencies set forth in the Third Amended Complaint do in fact exist, then it will be as a result of Design Advocates and Curts breaching the contract with Gate and the duties undertaken by them under the contract. As a result of the foregoing, and in the further event Gate suffers loss as a result of the alleged deficiencies, it will be entitled to indemnity from Design Advocates and Curts for said loss.
* * * * * *

*1134 COUNT 39

(C.G.H.)
Third Party Plaintiff, GATE LANDS HOLDING COMPANY, d/b/a GATE LANDS COMPANY, re-alleges each of the allegations contained in paragraphs 1 through 5 of the Third Party Complaint, and further alleges:
59. That Curts Gaines Hall Architects Planners, Inc., was a successor of the Design Advocates, Inc., and assumed all of the duties and obligations of the Design Advocates, inc., under the contract marked Exhibit "C."
60. In the event one or more of the alleged deficiencies set forth in the Third Amended Complaint do in fact exist, then it will be as a result of Curts Gaines breaching the contract with Gate and the duties undertaken by them under the contract. As a result of the foregoing and in the further event Gate suffers loss as a result of the alleged deficiencies, it will be entitled to indemnity from Curts Gaines for said loss.
WHEREFORE, Gate sues Curts Gaines for any amounts which might be assessed against it as a result of Curts Gaines' deficiencies, together with costs and attorney's fees.
The Third Party Defendants filed a motion for summary judgment arguing that Gate Lands' cause of action against them was for breach of contract and was barred by the relevant two-year statute of limitation.[1] The Third Party Defendants further argued that Gate Lands' brief mention of common law indemnity in paragraph 5, count 1, and paragraph 60 of count 39, in its amended third party complaint, was insufficient to establish a proper claim for common law indemnity.
The lower court agreed that counts 1 and 39 of Gate Lands' complaint allege a cause of action for breach of contract by the Third Party Defendants, and that it is barred by the statute of limitations. Accordingly, the lower court entered orders granting the Third Party Defendants' motions for summary judgment notwithstanding the fact that Gate Lands made an ore tenus motion at the hearing before the trial court to amend its amended third party complaint to plead a common law indemnity cause of action, which is not barred by the two-year statute of limitations. Gate Lands maintains on appeal that counts 1 and 39 of its amended third party complaint sufficiently allege a cause of action against the Third Party Defendants for common law indemnity.
In Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979), the supreme court determined that a two-pronged test must be met in order to recover on a common law indemnity theory. First, the party who seeks indemnity must be wholly without fault and the party against whom indemnity is sought must be guilty of negligence. Second, the party who seeks indemnity must be obligated to pay another party or entity only because of some vicarious, constructive, derivative or technical liability. Paul N. Howard Co. v. Affholder, Inc., 701 So.2d 402 (Fla. 5th DCA 1997).
We agree that counts 1 and 39 of Gate Lands' amended third party complaint do not properly allege a cause of action against the Third Party Defendants for common law indemnity. There is no allegation that Gate Lands, the party seeking indemnity, is wholly without fault, and that the Third Party Defendants are guilty of negligence. Further, there is no allegation that Gate Lands is obligated to pay the original plaintiffs below only because of some vicarious, constructive, derivative or technical liability. Rather, we find that counts 1 and 39 of Gate Lands' amended third party complaint supports the lower court's finding that a breach of contract claim was alleged.
Notwithstanding Gate Lands' failure to sufficiently state a claim for common law indemnity, we cannot ignore the fact that Gate Lands made an ore tenus motion at the summary judgment hearing to amend its amended third party complaint to state a cause of action for common law indemnity against the Third Party Defendants. It is *1135 not clear from this record whether Gate Lands will be able to do so.
According to Florida Rule of Civil Procedure 1.190(a), "Leave of court [to amend pleadings] shall be given freely when justice so requires." A lower court's decision to permit or deny amendment to pleadings will not be disturbed on appeal in the absence of an abuse of discretion. Azemco (North America), Inc. v. Brown, 553 So.2d 1245 (Fla. 3d DCA 1989). However, "all doubts should be resolved in favor of allowing amendment. It is the public policy of this state to freely allow amendments to pleadings so that cases may be resolved upon their merits." Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Co-op. Bank, 592 So.2d 302 (Fla. 1st DCA 1991), rev. dismissed, 598 So.2d 76 (Fla.1992) (quoting Adams v. Knabb Turpentine Co., 435 So.2d 944, 946 (Fla. 1st DCA 1983)).
Courts should be especially liberal when leave to amend "is sought at or before a hearing on a motion for summary judgment." Id. at 305 (quoting Montero v. Compugraphic Corp., 531 So.2d 1034, 1036 (Fla. 3d DCA 1988)). Further, Florida Rule of Civil Procedure 1.190(e) instructs that "[a]t every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties." Thus, as a general rule, refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile. Bill Williams at 305.
Here, the lower court abused its discretion in failing to permit Gate Lands to amend is third party complaint. We find support for this conclusion in the fact that the Third Party Defendants could not have been surprised or prejudiced by Gate Lands' common law indemnity claim as they sought to sever such claim earlier in the course of the proceedings below. Rather, Gate Lands may be unduly prejudiced by the lower court's denial of its motion to amend. Further, Gate Lands was only granted leave to amend once, and then for the purpose of adding third party defendants. Under these circumstances, Gate Lands should have been granted leave to amend their amended third party complaint, at least one more time. On remand, the lower court shall permit Gate Lands to file its second amended complaint.
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] § 95.11(3)(c), Fla. Stat. (1995).