804 So.2d 505 (2001)
Augustine CARDONA, Appellant,
v.
BENTON EXPRESS, INC., and G & C Cartage Co., Inc., Appellees.
Nos. 3D01-2080, 3D01-1767.
District Court of Appeal of Florida, Third District.
December 26, 2001.
*506 Rex B. Guthrie, Miami, for appellant.
Pedisich & Llorente, and John Burke, Jr., Miami; and Richard A. Sherman, and Rosemary B. Wilder, Fort Lauderdale; and Josephs, Jack, Gaebe, Miranda & Cole, and Hugh J. Connolly, Miami, for appellees.
Before COPE, FLETCHER, and RAMIREZ, JJ.
RAMIREZ, J.
Plaintiff Augustine Cardona appeals a summary final judgment in favor of defendants Benton Express and G & C Cartage, the denial of leave to amend, and an award of attorney's fees to the defendants. The defendants cross-appeal the denial of attorney's fees against Cardona's attorney. We affirm the granting of summary judgment and the denial of leave to amend, but reverse the award of attorney's fees.
Cardona's suit arose from a shipment of ATVs lost in transit from Miami to Puerto Rico. Cardona initially filed a claim of loss with Caribe Freight of Puerto Rico, the freight forwarder. He then brought a strict liability cause of action against Benton Express and G & C Cartage, the carriers, under the Carmack Amendment, 49 U.S.C. 14706(a)(1).
Approximately one month after the suit was filed, Caribe Freight paid Cardona's claim with funds provided by its insurer, Fireman's Fund. Plaintiffs counsel argued before the trial court and on appeal that, even after Cardona received payment, the cause of action remained the same and that the only change necessary was a substitution of the named plaintiff. He now argues that Cardona's claim was actually a subrogation claim and that the parties had proceeded under that assumption. However, the complaint did not allege that Cardona was bringing suit on behalf of either Fireman's Fund or Caribe Freight.
The defendants, on the other hand, argue that the cause of action under the Carmack Amendment changed from a strict liability claim by Cardona to an indemnification claim by Caribe Freight. See 49 U.S.C. 14706(b) (the freight forwarder is entitled to recover from the carrier over whose line or route the loss occurred the amount required to be paid to the owner of the property). They contend that, at the point when Cardona's claim was paid by Fireman's Fund through Caribe Freight, the complaint required amendment to change the cause of action and reflect that Cardona was acting as a subrogor for the insurer, or to reflect the proper plaintiff and cause of action under the Carmack Amendment.
*507 The complaint was not amended, nor was leave to amend sought until five days after summary judgment was granted in favor of the defendants. The complaint was brought as a strict liability action on behalf of Cardona individually, with no allegations pertaining to a subrogation claim. Thus, at the time the motion for summary judgment was heard, the trial court had no alternative but to grant summary judgment because the only plaintiff before it, having already been made whole, had no damages and therefore no cause of action. See Dollar Systems, Inc. v. Detto, 688 So.2d 470 (Fla. 3d DCA 1997) (granting summary judgment where there was no evidence that the plaintiff had incurred damages and the complaint did not show that the plaintiff was proceeding in a representative capacity).
A party may, with leave of court, amend a pleading at or even after a hearing and ruling on a motion for summary judgment. Hart Properties, Inc. v. Slack, 159 So.2d 236, 240 (Fla.1963); Plyser v. Hados, 388 So.2d 1284, 1285 (Fla. 3d DCA 1980); Dubus v. McArthur, 682 So.2d 1246, 1247 (Fla. 1st DCA 1996). We have stated, however, that it is an abuse of discretion to allow an amendment if doing so injects a new cause of action. Bondu v. Gurvich, 473 So.2d 1307, 1311 n. 2 (Fla. 3d DCA 1985) (citing United Tel. Co. v. Mayo, 345 So.2d 648, 655 n. 6 (Fla.1977)).
We need not resolve the amendment issue because, even if Cardona's counsel is correct, the trial court did not abuse its discretion in denying leave to amend. Counsel twice stated to the trial court that if the defendants' summary judgment motion was granted, he "would file a complaint tomorrow, [and] be back in your court with a different plaintiff." We cannot fault the trial court for taking counsel up on his offer.
We do find error, however, in the granting of defendants' request for attorney's fees pursuant to section 57.105, Florida Statutes. At the time the complaint was filed, the matter was not frivolous. In fact, the defendants settled the claim before they discovered that Cardona had been paid. Under the old version of the statute, "[t]he determination as to whether a complaint is completely lacking in justiciable issues of law or fact is made at the time the complaint is initially filed." See Schwartz v. W-K Partners, 530 So.2d 456 (Fla. 5th DCA 1988); H.J.J., Inc. v. Party Productions, II, Inc., 738 So.2d 515, 516 (Fla. 3d DCA 1999).
Even after the statute was amended effective October 1, 1999, it was improper to assess attorney's fees against Cardona. The trial court denied fees against Cardona's counsel, arguably the only one that could be accused of presenting a frivolous claim. Evidently the court felt that counsel had acted in good faith. There was no evidence that Cardona did anything wrong and no indication that he had anything to do with the litigation after he was paid and he assigned his rights to Fireman's Fund. The facts in this case admit only one conclusion: that everyone acted in good faith.
Affirmed in part, reversed in part.