840 So.2d 420 (2003)
YUN ENTERPRISES, LTD., Appellant,
v.
Edward J. GRAZIANI, etc., et al., Appellee.
No. 5D02-1145.
District Court of Appeal of Florida, Fifth District.
March 21, 2003.
*421 Scott D. Clark of Scott D. Clark, P.A., Winter Park, for Appellant.
H. Gregory McNeill and Rachel D. Gebaide of Lowndes, Drosdick, Doster, Kantor, & Reed, P.A., Orlando, for Appellee.
SHARP, W., J.
Yun Enterprises, Ltd. (Yun) appeals from: 1) a final summary judgment in favor of Graziani and Menicucci, doing business as BLT Hospitality (BLT) in an action for fraud and breach of contract and 2) the denial of Yun's motion for rehearing and to amend its complaint. We agree the documents Yun attached to its complaint were insufficient to establish the existence of a contract between the parties and the trial judge was correct to enter summary judgment for BLT. However, under the circumstances of this case, we think the trial judge should have given Yun an opportunity to amend its complaint at least once, given its belated showing of executed documents which may establish a contract.
Yun was the owner of a hotel in Kissimmee which was under contract for sale to another buyer. On April 9, 1998, BLT offered Yun a "Backup Purchase and Sale Agreement" in case this contract terminated. By its terms, the backup agreement became null and void if not executed on or before April 20, 1998. Yun did not want a backup contract and did not sign the agreement in April, although he did sign it in May 1998.
According to Yun, negotiations with BLT continued and the parties ultimately came to an agreement for BLT to purchase the hotel. However, in June 1998, BLT notified Yun that it was not in a position to move forward with the "negotiations" on the purchase of the hotel.
Two years later, Yun filed this lawsuit against BLT for breach of contract and *422 fraud in the inducement. Yun attached three documents to its complaint which purportedly comprised the agreement of the parties: Exhibit Athe "Backup Purchase and Sale Agreement" signed by BLT on April 9, 1998 and signed by Yun on May 18, 1998; Exhibit B"Addendum to Purchase and Sale Agreement" signed by Yun in May 1998, but not signed by BLT; and Exhibit C"Addendum to Purchase and Sale Agreement II" dated May 26, 1998 and signed by BLT but not by Yun.
BLT answered the complaint and denied the allegation the parties had entered into a contract. BLT also asserted several affirmative defenses, including that Exhibits A, B and C do not form a valid enforceable agreement between the parties. BLT later moved for summary judgment on the same basis.
In opposition to BLT's motion for summary judgment, Yun submitted an affidavit and attached another copy of the May 26, 1998 "Addendum to Purchase and Sale Agreement II." This copy contained the signatures of both parties. At the summary judgment hearing, Yun admitted, for whatever reason, the copy with both signatures was not attached to its complaint. Yun conceded BLT could have raised this issue by a motion to dismiss and Yun would have been required to amend its complaint to include this copy.
Even so, BLT pointed out the Addendum to Purchase and Sale Agreement II purports to modify Exhibit B (the Addendum to Purchase and Sale Agreement) but the documents do not correspond. For example, the Addendum to Purchase and Sale Agreement II states that it modifies paragraphs 3a and 3b of the Addendum to Purchase and Sale Agreement but that document does not have those paragraphs. Yun acknowledged these discrepancies but argued this simply went to the interpretation of the contract. The judge found there was no meeting of the minds and granted BLT's motion.
On December 18, 2001, the court entered final summary judgment in favor of BLT. The next day, Yun filed a motion for rehearing and for leave to amend its complaint. Yun alleged another "Addendum to Purchase and Sale Agreement" (Exhibit E) should replace Exhibit B attached to its complaint. According to Yun, Exhibit B was an earlier draft and Exhibit E is the final version of that addendum. Yun's motion was denied.
We find the trial judge's granting of summary judgment was proper because the documents attached to Yun's complaint cannot be reconciled with each other and do not establish a valid contract. While an enforceable contract can consist of several instruments in writing, the contract nevertheless must show an actual meeting of the minds of the contracting parties. Cook v. Theme Park Ventures, Inc., 633 So.2d 468 (Fla. 5th DCA 1994); Rohlfing v. Tomorrow Realty & Auction Co., Inc., 528 So.2d 463 (Fla. 5th DCA 1988).
The trial judge abused his discretion, however, in denying Yun leave to amend its complaint to incorporate the new addendum. A party may, with leave of court, amend a pleading at or even after a hearing and ruling on a motion for summary judgment. Cardona v. Benton Exp., Inc., 804 So.2d 505 (Fla. 3d DCA 2001); Assad v. Mendell, 550 So.2d 52 (Fla. 3d DCA 1989). According to Florida Rule of Civil Procedure 1.190(a), "Leave of court [to amend pleadings] shall be given freely when justice so requires."
A lower court's decision to permit or deny amendment to pleadings will not be disturbed on appeal in the absence of an abuse of discretion. Gate Lands Co. v. Old Ponte Vedra Beach Condominium, *423 715 So.2d 1132 (Fla. 5th DCA 1998). However, all doubts should be resolved in favor of allowing amendments so that cases may be resolved on their merits. Thus, as a general rule, refusal to allow amendment constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile. Gate Lands Co.; Karn v. Coldwell Banker Residential Real Estate, Inc., 705 So.2d 680 (Fla. 4th DCA 1998); Assad.
Yun had not amended its complaint prior to its request for leave to replace Exhibit B with Exhibit E in the attachments to its complaint. According to Yun, this document is the final draft (Exhibit B being an earlier draft) and resolves the discrepancies which troubled the judge at the summary judgment hearing. We think Yun should be given an opportunity to properly allege the elements of the contract between the parties. See Assad (although trial court properly entered summary judgment in favor of sellers on buyers' claim that sellers misrepresented condition of home after they signed contract, court nevertheless abused its discretion in denying buyers leave to amend complaint to state sellers made misrepresentations before contract was signed).
AFFIRMED in part; REVERSED in part and REMANDED.
ORFINGER and MONACO, JJ., concur.