EVANDER, J.
 

 Stephanie and John Crown appeal from an adverse final summary judgment entered after the denial of their motion to amend their answer. We reverse, concluding that the denial of the Crowns’ motion constituted an abuse of discretion.
 

 Immediately after being served with the initial complaint, the Crowns filed a pro se, bare-bones answer. The next record activity occurred approximately seven months later when Chase Home Finance, LLC, served its motion for summary judgment. One week later, the Crowns’ newly retained counsel served a motion to amend .on the Crowns’ behalf. A proposed answer with affirmative defenses was attached to the motion. Chase’s previously filed motion for summary judgment did not address several of the affirmative defenses raised in the Crowns’ proposed answer. On the twenty-first day after service of the motion for summary judgment, the trial court held a hearing, denied the Crowns’ motion to amend, and granted Chase’s motion for summary final judgment.
 

 An order on a motion to amend is reviewed under the abuse of discretion standard.
 
 See Yun Enters., Ltd. v. Graziani,
 
 840 So.2d 420, 422-23 (Fla. 5th DCA 2003);
 
 Gate Lands Co. v. Old Ponte Vedra Beach Condo.,
 
 715 So.2d 1132, 1135 (Fla. 5th DCA 1998). However, all doubts should be resolved in favor of allowing the
 
 *980
 
 amendment and refusal to do so generally constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.
 
 See Yun Enters.,
 
 840 So.2d 420;
 
 Gate Lands Co.,
 
 715 So.2d 1132. Public policy further favors the liberal granting of leave to amend where the failure to do so will likely prevent the cause from being resolved on its merits.
 
 Gate Lands Co.,
 
 715 So.2d at 1135 (public policy of this state is to freely allow amendments to pleadings so that cases may be resolved on their merits).
 

 In the instant case, Crowns had not abused the privilege to amend and there was no showing that amendment would be futile or that Chase would suffer prejudice. Furthermore, denial of the motion to amend would preclude the case from being resolved on its merits.
 

 REVERSED and REMANDED.
 

 GRIFFIN and SAWAYA, JJ., concur.