EVANDER, J.
Spectrum Interiors, Inc. (“Spectrum”), Liberty Mutual Insurance Company (“Liberty”), and Federal Insurance Company (“Federal”) appeal from a final judgment for damages entered, after a retrial, in favor of Exterior Walls, Inc., (“EWI”). We affirm as to all issues raised by appellants, but reverse on EWI’s cross-appeal.
This case arose from disputes regarding a construction project located in Palm Coast, Florida. The general contractor on the project, R.J. Griffin, subcontracted with Spectrum to perform a major part of the construction work. Subsequently, Spectrum entered into a contract with EWI to perform stucco work.
After failing to receive full payment under its contract, EWI brought an action for breach of contract against Spectrum and for recovery on payment bonds against Liberty and Federal. The case proceeded to trial and, in accordance with the jury’s verdict, the trial court entered a judgment of $1,075,966.28 in favor of EWI against Spectrum, Liberty, and Federal. On appeal, this court affirmed in part and reversed in part. See Spectrum Interiors, Inc. v. Exterior Walls, Inc., 2 So.3d 1098 (Fla. 5th DCA 2009). We held that EWI was not entitled to recover damages incurred on or before September 30, 2003, because those damages had been assigned to Griffin by virtue of EWI’s execution of a partial waiver and release of claims. The other issues raised by Spectrum, Liberty, and Federal on the first appeal were found to be without merit. Spectrum Interiors, Inc., 2 So.3d at 1095 n. 1. The trial court was directed to hold a new trial on damages, with EWI’s recovery being limited to those damages incurred after September 30, 2003.
On remand, the case was tried without a jury. The trial court followed this court’s mandate and excluded those damages incurred by EWI on or before September 30, 2003. Final judgment was entered in favor of EWI for $524,646.73.
In this appeal, appellants make several arguments that were raised and rejected in the prior appeal. These arguments must fail based on application of the law of the case doctrine. This doctrine requires, absent limited exceptions not applicable here,[1] that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings. See Engle v. Liggett Group, Inc., 945 So.2d 1246, 1266 (Fla.2006); Fla. Dep’t of Trans. v. Juliano, 801 So.2d 101, 105 (Fla.2001). In addition, the law of the case doctrine may foreclose subsequent consideration of issues implicitly addressed or necessarily considered in the prior appeal. Juliano, 801 So.2d at 106. As to the issues raised by appellants not precluded by application of the law of the case doctrine, we determine same to be both waived and without merit.
We do, however, find merit to EWI’s cross-appeal. In the first trial, the jury found that EWI was entitled to recover damages from losses identified as “general indemnity liability damages.” These losses were based on EWI’s claim that it was contractually obligated to indemnify its *546 surety, RLI Insurance Company, for the attorney’s fees and costs incurred by RLI in successfully defending itself in an action brought by Spectrum. Appellants did not argue at the first trial, nor in the prior appeal, that EWI had failed to properly plead these special damages in accordance with Florida Rule of Civil Procedure 1.120(g). That rule provides that when items of special damages are claimed, they shall be “specifically stated.” Appellants first raised this alleged pleading defect at the onset of the second trial. The trial court reserved ruling on appellants’ objection and permitted the parties to present evidence related to these claimed damages. At the conclusion of the presentation of evidence, EWI moved to amend its complaint to specifically allege special damages. The trial court denied EWI’s motion and rejected EWI’s claim for “general indemnity liability damages” based on its failure to plead special damages.
An order denying a motion to amend is reviewed under the abuse of discretion standard. Crown v. Chase Home Finance, 41 So.3d 978 (Fla. 5th DCA 2010). However, as a general rule, leave to amend should be freely granted unless it appears that allowing the amendment would prejudice the opposing parties, the privilege to amend has been abused, or amendment would be futile. Id.
Here, there is no contention that EWI has abused the privilege to amend or that amendment would be futile. Furthermore, it cannot be reasonably be argued that appellants would be prejudiced by EWI’s requested amendment. Appellants were aware that EWI was seeking these damages well before the first trial. Not only was EWI’s claim for these “general indemnity liability damages” fully tried at the first trial but, subsequent to remand, EWI’s responses to discovery requests and the parties’ pretrial stipulation clearly reflected EWI’s intent to again seek recovery for these damages. The trial court’s denial of EWI’s motion to amend constituted an abuse of discretion.
We remand this cause for the trial court to determine whether EWI suffered general indemnity liability damages subsequent to September 30, 2003 and, if so, the amount thereof. In all other respects, the final judgment is affirmed.
AFFIRMED, in part; REVERSED, in part; REMANDED.
GRIFFIN and PALMER, JJ., concur.

. An appellate court does have the power to reconsider and correct an erroneous ruling if necessary to prevent a manifest injustice. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965) see also Juliano, 801 So.2d at 106. Other exceptions may apply depending on the facts and circumstances of the case. For example, intervening legislative action or an intervening decision by a higher court that changes the law may constitute exceptions to the doctrine. See, e.g., State v. Owen, 696 So.2d 715 (Fla. 1997); Trotter v. State, 690 So.2d 1234 (Fla. 1996).