**Ahmad Y. SAIDI, Appellant,**

v.

**Hatem SAQR, Appellee.**

**Case No. 5D16–1537**

District Court of Appeal of Florida,
Fifth District.

Opinion filed December 30, 2016

Ahmad Y. Saidi, Orlando, pro se.

David S. Cohen and Lee Bernbaum, of Law Offices of David S. Cohen, LC, Orlando, for Appellee.

PER CURIAM.

Ahmad Saidi ("Appellant") appeals the final summary judgment entered against him and in favor of Hatem Saqr ("Appellee"), the defendant below. Concluding that the trial court abused its discretion in denying Appellant's motion for leave to file an amended complaint, we reverse.

In his initial complaint, Appellant alleged that Appellee had loaned him money, which was memorialized by two promissory notes executed by him in favor of Appellee. Appellant further alleged that, not only had he paid these loans in full, but he had overpaid Appellee. Accordingly, he sought a refund or return of this alleged overpayment. Appellee answered the complaint, denying the material allegations. He also raised several affirmative defenses, including that Appellant's cause of action was barred by the applicable statute

of limitations. Appellee then filed a motion for summary judgment together with a supporting affidavit asserting that Appellant's claim was time-barred, and he set his motion for hearing.

Approximately two weeks after Appellee filed his motion and more than one month before the summary judgment hearing, Appellant filed a motion for leave to amend his complaint, attaching a proposed first amended complaint to his motion. Following the hearing on both motions, the trial court entered an unelaborated order denying Appellant leave to amend and granting Appellee's motion for summary judgment. The court thereafter entered the final summary judgment now on appeal.

We review the denial of a motion to amend a pleading under the abuse of discretion standard. *Crown v. Chase Home Fin.*, 41 So.3d 978, 979 (Fla 5th DCA 2010) (citations omitted). "Leave of court [to amend a pleading] shall be given freely when justice so requires." Fla. R. Civ. P. 1.190(a). Public policy "favors the liberal granting of leave to amend" so that cases may be resolved on their merits. *Crown*, 41 So.3d at 980 (citing *Gate Lands Co. v. Old Ponte Vedra Beach Condo.*, 715 So.2d 1132, 1135 (Fla. 5th DCA 1998)). "Courts should be especially liberal when leave to amend 'is sought at or before a hearing on a motion for summary judgment.' " *Gate Lands Co.*, 715 So.2d at 1135 (quoting *Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Co-op. Bank*, 592 So.2d 302, 305 (Fla. 1st DCA 1991)). "[A]ll doubts should be resolved in favor of allowing the amendment and refusal to do so generally constitutes an abuse of discretion unless it clearly appears that [1] allowing the amendment would prejudice the opposing party, [2] the privilege to amend has been abused, or [3] amendment would be futile." *Crown*, 41 So.3d at 979–80 (citing *Yun Enters., Ltd. v. Graziani*, 840 So.2d 420 (Fla. 5th DCA 2003)).

Applying the foregoing standards, it is clear that allowing the amendment would not prejudice Appellee and that Appellant has not abused the privilege to amend, as the case was in its very early stages and there had been no prior requests to amend. As to the third prong, while the proposed pro se amended complaint is somewhat difficult to decipher, we cannot *clearly* conclude that any amendment to the complaint would be futile. Thus, applying the liberal standard favoring leave to amend when sought before a hearing on a motion for summary judgment, we find that the trial court abused its discretion in not providing Appellant with the opportunity to do so. Accordingly, we reverse the final summary judgment and remand with directions that the court grant Appellant leave to amend his complaint.

While we have reversed the final summary judgment to permit Appellant the opportunity to amend his complaint, we direct Appellant to Florida Rule of Civil Procedure 1.110(b), which requires that a pleading setting forth a claim for relief must state a cause of action and contain, among other things, "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." We caution Appellant that the failure to do so may lead the trial court, upon motion, to dismiss future amended complaints that do not comply with this requirement.

REVERSED and REMANDED with directions.

PALMER, LAMBERT and EDWARDS, JJ., concur.