PER CURIAM.
National Beverage Corp. (National Beverage) and Shasta Beverages, Inc. (Shasta) appeal from the final summary judgment entered in favor of Costco Wholesale Corp. (Costco) on a claim of indemnity.
Plaintiffs Atlants Importaeao and FAPI Enterprises Corp. brought an action for breach of implied warranty and breach of warranty of fitness for a particular purpose against Costco for alleged defects in eight 20-foot containers of a soft drink known as “Simply Soda.” The plaintiffs alleged that the soda was purchased from Costco and shipped from Miami to Brazil, and after much of it was distributed in Brazil, it was discovered that many of the soda cans were corroded, leaked acidic liquid, contained thick slime and were not fit for consumption.
Costco filed a third-party complaint against National Beverage and Shasta, as manufacturers of the soda. The amended third-party complaint alleged five counts: contractual indemnity, common law indemnity and contribution against National Beverage, and common law indemnity and contribution against Shasta. Attached to the complaint was a “Hold Harmless Agreement” that Costco relied upon in seeking contractual indemnity from National Beverage. This agreement contained a clause whereby National Beverage/ShasCo, Inc. agreed to indemnify The Price Company, Inc. and hold it harmless from any claims arising out of the use, sale or consumption of the products manufactured. However, the agreement further provided that it did not apply if The Price Company, Inc. or its employees or agents were negligent in causing or contributing to any claims, damages or causes of action.
Costco alleged that the defect in the soda was one of manufacturing, that the soda left Costco without any substantial change, and that Costco was without fault in the action. National Beverage and Shasta answered by asserting that the Hold Harmless Agreement did not apply pursuant to its own terms and conditions, in that Costco’s employees or agents were negligent in causing or contributing to the action, and by denying all Costco’s allegations regarding common law indemnity.
Costco moved for summary judgment on its third-party claim, contending it was entitled to contractual indemnity pursuant to a “Supply Agreement for Private Label Products” between Shasta Beverages Inc., doing business as National Bevpak, and Price/Costco, Inc. Costco also asserted that it was entitled to common law indemnity as there was no allegation by the plaintiffs or evidence of any type of active negligence by Costco. In response, National Beverage and Shasta asserted that the contractual indemnity agreement attached to Costco’s motion was completely different than that attached to the third party complaint and that Costco was not entitled to indemnity from its own negligence.
National Beverage and Shasta relied upon the deposition testimony of plaintiffs’ microbiology expert, Pieter Visscher. Visscher testified that the soda cans that he tested contained high levels of bacteria. He opined that this bacteria entered the product during the canning or manufactur *144 ing process. Visscher testified that it is not uncommon to find at least trace amounts of bacteria in any cola, in orders of magnitude lower than that found in the soda he tested. While Visscher had no adverse opinions concerning Costco, he testified that the temperature at which cans are stored in a warehouse could increase the rate of bacteria metabolism.
The trial court heard argument and granted Costco’s motion ■ for summary judgment. National Beverage and Shasta moved for reconsideration, which was denied. Thereafter, final summary judgment was entered on Costco’s claim for indemnity.
The trial court erred by granting Costco’s motion for summary judgment. It is clear that contractual indemnity cannot lie as to Shasta, as no claim for such was pled by Costco in its third-party complaint. As concerns National Beverage, the indemnity agreement relied upon by Costco expressly provided that it was inapplicable if Costco’s negligence contributed to the claim. The deposition testimony of plaintiffs expert reflects that the temperature at which the soda was stored may have affected the level of bacteria found in the soda. Costco provided no evidence to refute this assertion. A disputed factual issue remains regarding Costco’s contribution to the damages or defect in the product. Accordingly, summary judgment on the basis of contractual indemnity was inappropriate. See Dade County School Board v. Radio Station WQBA, 24 Fla.L. Weekly S216, S217, 731 So.2d 638, 641 (Fla.1999).
The disputed issue of fact regarding Costco’s potential contribution to the damages also precludes entry of summary judgment on the basis of common law indemnity. The law is clear that a party seeking common law indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. See id.; Houdaille Indus., Inc. v. Edwards, 374 So.2d 490, 492-93 (Fla.1979). Accordingly, the final summary judgment ■ is reversed and the case remanded for further proceedings.