920 So.2d 61 (2005)
Peter L. ROSENBERG, d/b/a Monopoly Builders, Appellant,
v.
CAPE CORAL PLUMBING, INC., Appellee.
No. 2D04-1736.
District Court of Appeal of Florida, Second District.
December 28, 2005.
Rehearing Denied February 16, 2006.
*63 Robert L. Donald of Law Office of Robert L. Donald, Fort Myers, and William C. Merchant of Warchol, Merchant, Rollings, Buckley & Pohl, LLP, Cape Coral, for Appellant.
Jeffrey D. Kottkamp and Bernard J. O'Donnell, Jr., of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for Appellee.
CANADY, Judge.
Peter L. Rosenberg, d/b/a Monopoly Builders, appeals a trial court order granting summary judgment in favor of Cape Coral Plumbing, Inc. For the following reasons, we reverse in part the final summary judgment.

I. Background

Monopoly, a general contractor in Cape Coral, Florida, hired Cape Coral Plumbing to install plumbing in a house Monopoly was constructing. The day after Cape Coral Plumbing performed some "trim" work on the plumbing in the house, a flood occurred in the house causing approximately $70,000 in damage.
Monopoly filed suit against Cape Coral Plumbing, alleging three separate counts (breach of written contract, violation of a statute, and breach of implied warranty). Cape Coral Plumbing filed a motion for summary judgment. The trial court held a hearing and then issued an opinion letter in the form of a memorandum. Cape Coral Plumbing filed a second motion for summary judgment, and the trial court held a second hearing and again issued an opinion letter. The parties then submitted memoranda on the issues discussed in the second opinion letter. The trial court subsequently issued a third opinion letter and then an order granting summary judgment in favor of Cape Coral Plumbing on the three counts in the original complaint. Before the trial court granted summary judgment, Monopoly moved to amend its complaint. In the order granting summary judgment, the trial court granted Monopoly leave to amend its complaint.
Monopoly amended its complaint, alleging three additional counts (implied indemnity, negligence, and negligence per se). Cape Coral Plumbing filed a motion for summary judgment. The trial court conducted another hearing and issued another opinion letter. The trial court then entered a final order of summary judgment against Monopoly on all the claims asserted by Monopoly in the original complaint and the amended complaint.

II. Analysis

A. Statutory Claim

In its complaint, Monopoly alleged that Cape Coral Plumbing had a duty to perform its work in compliance with standard building codes pursuant to section 553.04, Florida Statutes (2000), and that Monopoly is entitled to damages under section 553.84. In its first opinion letter, the trial court acknowledged that "nothing was mentioned about" this point but that the trial court did not believe that section 553.84 applies to a general contractor's claim against a subcontractor. In its order granting summary judgment on this claim, the trial court concluded that section *64 553.84 was intended for the protection of homeowners and that Monopoly did not have standing as a contractor.
On appeal, Monopoly claims that the trial court erred because Cape Coral Plumbing did not raise this argument in its motion for summary judgment. In ruling on a motion for summary judgment, the trial court is limited to the grounds raised in the motion. See Boucher v. First Cmty. Bank, 626 So.2d 979, 982 (Fla. 5th DCA 1993). The record indicates that in its first motion for summary judgment, Cape Coral Plumbing did not argue that section 553.84 did not apply to Monopoly. Once the trial court raised the issue in its first opinion letter, Cape Coral Plumbing addressed the issue in a memorandum of law. Under these circumstances, this point was not properly presented by Cape Coral Plumbing as a basis for summary judgment.
Even if the issue of Monopoly's standing under section 553.84 had been properly presented, the relevant statutory provisions show that the point is without merit. Section 553.84, entitled "Statutory civil action," provides that "any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the State Minimum Building Codes, has a cause of action ... against the person or party who committed the violation." In construing the Florida Statutes, a "person" includes "individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations." § 1.01, Fla. Stat. (2000). The plain language of section 553.84 is clear; therefore, it is unnecessary to resort to the rules of statutory construction. See Rollins v. Pizzarelli, 761 So.2d 294, 298-99 (Fla.2000); McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998). The statute provides a civil action for any person or party who has been damaged by a covered violation and does not specifically limit civil actions to homeowners. Therefore, the trial court erred in reading a limitation into the statute that is not contained in its plain language.
Accordingly, we reverse the order of summary judgment as to this count and remand for further proceedings.

B. Breach of Contract

In its original complaint, Monopoly alleged that Cape Coral Plumbing breached the contract between the two parties by providing defective parts and by failing to complete the work in a workmanlike manner according to standard practices. The trial court granted summary judgment on this count, concluding that an exculpatory clause in the contract protects Cape Coral Plumbing from liability.
The contract between Cape Coral Plumbing and Monopoly provides that "[Cape Coral Plumbing] will not be responsible for damages incurred from [w]ell equipment or City Water being turn[ed] on before [Cape Coral Plumbing] can thoroughly test all plumbing." Contract clauses that limit liability are valid and enforceable provided the intention to limit liability is made clear in the contract. Interfirst Fed. Sav. Bank v. Burke, 672 So.2d 90, 92 (Fla. 2d DCA 1996); Eller & Co. v. Galapagos Line, S.A., 493 So.2d 1061, 1062 (Fla. 3d DCA 1986). It is not clear from the record if the city water had been turned on and left on by Cape Coral Plumbing on the day it installed the toilet. In addition, it is not clear from the clause that Cape Coral Plumbing's liability would be limited if Cape Coral Plumbing had turned the water on itself. The trial court therefore erred in concluding that Cape Coral Plumbing was entitled as a matter of *65 law to summary judgment on this count based on the exculpatory clause.
Summary judgment is only appropriate when the movant has shown conclusively that no genuine issues of material fact remain, and every inference must be drawn in favor of the party against whom summary judgment is sought. Maggio v. Dep't of Labor & Employment Sec., 910 So.2d 876, 878 (Fla. 2d DCA 2005). Here, genuine issues of material fact remain, such as whether Cape Coral Plumbing performed its work in a workmanlike manner according to standard practices and whether Cape Coral Plumbing's work caused the damage to the house. Cape Coral Plumbing has not "establish[ed] irrefutably that [Monopoly] cannot prevail" on the breach of contract claim. See Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995). "[E]ven when the facts are uncontroverted, the entry of summary judgment is ... erroneous if different inferences can be drawn reasonably from those facts." Id. When all proper inferences are indulged in favor of Monopoly, the record does not establish that as a matter of law Monopoly could not prove its claim of breach of contract.
As for Monopoly's claim of breach of implied warranty, the trial court concluded that it was subsumed within the breach of contract claim that was based on an express warranty. On appeal, Monopoly has not demonstrated that the implied warranty claim is not included in the breach of contract claim and that the trial court erred in concluding so.

C. Indemnity

In its amended complaint, Monopoly sought indemnity from Cape Coral Plumbing because Monopoly was liable to the homeowner for damages caused by Cape Coral Plumbing. In granting summary judgment, the trial court concluded that Monopoly was not a passive tortfeasor and that Cape Coral Plumbing was not an active tortfeasor.
Because there appears to be no express agreement relating to indemnity in the contract between Cape Coral Plumbing and Monopoly, Monopoly's claim is for common law indemnity, which is an equitable remedy that arises out of obligations imposed through special relationships. See Camp, Dresser & McKee, Inc. v. Paul N. Howard Co., 853 So.2d 1072, 1077 (Fla. 5th DCA 2003). "[A] party seeking common law indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another." Nat'l Beverage Corp. v. Costco Wholesale Corp., 736 So.2d 142, 144 (Fla. 3d DCA 1999). As discussed above, a disputed factual issue remains regarding Cape Coral Plumbing's and Monopoly's respective liability for the damages. Therefore, the issue should have been submitted to the jury, and summary judgment was inappropriate.

D. Negligence

In its amended complaint, Monopoly alleged a count for negligence and a count for negligence per se. The trial court granted summary judgment, ruling as a matter of law that Cape Coral Plumbing took reasonable precautions to prevent water damage to the home. In addition, the trial court found that the exculpatory clause shifted responsibility for security of the plumbing installations to Monopoly.
As discussed above, there is a disputed factual issue as to what exactly caused the flood damage to the house. The trial court improperly resolved this in ruling on the motion for summary judgment. "Historically courts have been especially cautious where summary judgments have been entered in negligence cases." U.S. Fire Ins. Co. v. Progressive *66 Cas. Ins. Co., 362 So.2d 414, 416 (Fla. 2d DCA 1978). "Unless a movant can show unequivocally that there was no negligence, or that plaintiff's negligence was the sole proximate cause of the injury, courts will not be disposed to granting a summary judgment in his [or her] favor." Wills v. Sears, Roebuck & Co., 351 So.2d 29, 31 (Fla.1977). Cape Coral Plumbing has not conclusively shown that it was not negligent or that Monopoly's actions were the sole proximate cause of the injury. The proximate cause of the damages is disputed and reasonable persons could differ on this issue.
In addition, the exculpatory clause does not protect Cape Coral Plumbing from liability based on its alleged negligence. Although viewed with disfavor under Florida law, exculpatory clauses limiting liability for negligence are valid and enforceable when clear and unequivocal. Borden v. Phillips, 752 So.2d 69, 73 (Fla. 1st DCA 2000). "For such a clause to be effective, ... it must clearly state that it releases the party from liability for his own negligence." Goyings v. Jack & Ruth Eckerd Found., 403 So.2d 1144, 1146 (Fla. 2d DCA 1981). Here, the exculpatory clause did not expressly state that it releases Cape Coral Plumbing from its own negligence. Therefore, the clause does not operate to limit Cape Coral Plumbing's liability for damages resulting from its negligence. Summary judgment on this basis was improper.

III. Conclusion

With respect to the statutory claim, the breach of contract claim, the negligence claims, and the indemnity claim, the final summary judgment is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. With respect to the implied warranty claim, the final summary judgment is affirmed.
Affirmed in part; reversed in part; remanded.
KELLY and LaROSE, JJ., Concur.