CIKLIN, J.
 

 In this case we consider whether the appellant, Lawrence Reznik, waived his right to challenge an escalation clause in a settlement agreement because of his failure to preserve the issue before the lower ' court. Because he did not lodge a contemporaneous and specific objection at the trial court level, we are unable to now consider his point on appeal and must therefore affirm the final judgment entered against him.
 

 FRCC Products Inc. (“FRCC”) developed plans for the installation of hurricane proof automatic generators. The plans had passed building code standards in Bro-ward and Palm Beach Counties and the schematics had ostensibly been awarded blanket approval by the building departments of the two counties. FRCC contends that the approved schematics gave them a competitive advantage for selling generators. Reznik, who is not affiliated with FRCC, arranged to have the plans copied. When FRCC discovered that Rez-nik had copied them, FRCC sued Reznik for damages, attorney fees, and injunctive relief. FRCC also asserted that there was risk to the public from allowing Reznik to use the schematics without also using the parts manufactured by FRCC which had been wind-tested and certified to be up to code standards. After conducting discovery the parties entered into a stipulated settlement agreement which required Rez-nik to pay $2000 to FRCC by 5:00 p.m. on January 7, 2008, at a specific location. The settlement agreement also stipulated the following:
 

 Should Defendant Lawrence Reznik fail to make this payment in full exactly as herein required, judgment shall forthwith be entered against him individually in the amount of $40,000.00, plus attorney fees and costs in collecting the judgment and interest as provided by law. This judgment, upon failure of payment, shall be entered upon the filing of an affidavit of Plaintiffs counsel detailing the failure of one or more terms listed in paragraph 1(a) without necessity of hearing, notice, or any further proceedings ...
 

 Reznik failed to make the payment on January 7, 2008 and FRCC filed the required affidavit of non-payment. Reznik attempted to remit a $2000 payment by cashier’s check before FRCC submitted its documentation to the trial court, but FRCC did not negotiate that check and instead demanded judgment. The trial court entered judgment on the stipulation for $40,000 plus interest at 11%. Reznik
 
 *849
 
 filed a motion for reconsideration, arguing that when he signed the settlement agreement he had signed it not only individually but also on behalf of Lawrence Reznik Construction Mng. LLC. and, since Reznik is a nonlawyer, he had no ability to sign on behalf of the company. He contended that the contract was therefore a nullity. The trial court denied the motion.
 

 Reznik now appeals and argues that the final judgment is improperly based on an escalation clause that does not represent a legitimate amount. He contends that the stipulated amount is an unconscionable penalty.
 

 FRCC argues that Reznik waived the issue because he failed to raise it with the trial court. We agree that the issue was not preserved.
 

 Sunset Harbour Condominium Ass’n v. Robbins,
 
 914 So.2d 925, 928 (Fla.2005), states, “As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal. In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.” (internal citations omitted).
 
 Murphy v. International Robotic Systems,
 
 766 So.2d 1010 (Fla.2000), addresses the similar issue of failure to object to closing arguments in the trial court. The Florida Supreme Court held the issue was not preserved for review and explained, citing
 
 Castor v. State,
 
 365 So.2d 701 (Fla.1978), the reasons for the requirement that a contemporaneous objection be made in the trial court.
 

 The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
 

 766 So.2d at 1017.
 

 In the present case Reznik raised in the trial court the issue of whether he had the ability to sign the settlement agreement on behalf of the company since he is not an attorney. He did not argue that the stipulated amount was illegitimate, unconscionable, or a penalty. Thus, the issue was waived and was not preserved for review.
 

 Affirmed.
 

 GROSS, C.J., and WARNER, J„ concur.