MORRIS, Judge.
HSBC Mortgage Corporation (USA) appeals a final summary judgment quieting title to a condominium in favor of East Bay Country Club Apartments, Inc., in a foreclosure action. As a result of the final summary judgment, HSBC’s mortgage on the condominium was nullified. Because we conclude that there were disputed issues of material fact precluding the entry of summary judgment, we reverse.
I. BACKGROUND
Initially, HSBC brought a foreclosure action against James J. Mullan. Mullan was a lessee subject to a ninety-nine-year condominium lease with East Bay.[1] Mul-lan executed a mortgage of his leasehold interest with HSBC in December 2005, and HSBC brought the foreclosure action in 2008. Because East Bay had an interest in the property, it was served as a defendant with a copy of the foreclosure complaint. In its initial answer, East Bay asserted affirmative defenses and a counterclaim seeking past due “rents” in the amount of $2414.41 under its condominium lease with Mullan. East Bay demanded that if HSBC obtained a judgment, the judgment should be subject to payment of the unpaid rents.
The foreclosure action was delayed due to Mullan’s bankruptcy filing. But once the bankruptcy was cleared, East Bay filed a motion for summary judgment to quiet title, along with an affidavit in support thereof.[2] HSBC filed a response to the motion, arguing that East Bay was seeking relief outside the allegations of its counterclaim.
East Bay then filed an amended answer, affirmative defenses, and counterclaim in October 2012. In the amended counterclaim, East Bay sought to quiet title in the condominium, alleging that HSBC’s mortgage only attached to the leasehold estate of Mullan rather than East Bay’s fee simple reversionary interest and that because of the unpaid rents, Mullan’s leasehold had been terminated. As a result, East Bay asserted that HSBC’s mortgage interest had also been terminated and that East Bay was entitled to recover title to the condominium free and clear of the mortgage. East Bay shortly thereafter filed an amended motion for summary judgment and affidavit alleging the same facts as a basis for summary judgment.
HSBC then filed its answer and affirmative defenses to East Bay’s counterclaim *252 along with a response to East Bay’s amended motion for summary judgment. HSBC argued that summary judgment was not appropriate because there were legal issues and disputed issues of material fact relating to the sufficiency of East Bay’s notice to HSBC regarding the unpaid rents and relating to whether East Bay was bound by the terms of its condominium lease to give HSBC time to complete foreclosure proceedings before East Bay could declare a default by Mullan under the lease.
East Bay argues in this appeal that under the terms of the condominium lease, it was not required to give HSBC notice of Mullan’s default. Although HSBC contends that this argument was not made prior to the summary judgment hearing, this position was adopted by the trial court in the final summary judgment. Specifically, the trial court found that section twenty-four of the lease required that notice of default only be provided to an institutional mortgagee which is defined under the lease as “Federal Savings & Loan Associations, National Banks, State Banks, and Insurance Companies.” The trial court found that because the mortgage in question identifies Mortgage Electronic Registration Systems, Inc. (MERS), as the mortgagee and identifies HSBC as the lender, HSBC was not entitled to notice. Unfortunately, no court reporter was present for the hearing and thus we do not have the benefit of a transcript to discern the arguments made before the trial court. After the summary judgment was entered, HSBC filed a motion for rehearing, but that motion was denied.
II. ANALYSIS
We review an order granting summary judgment de novo. Hornfischer v. Manatee Cnty. Sheriffs Office, 136 So.3d 703, 706 (Fla. 2d DCA 2014). In doing so, we review the record in the light most favorable to the nonmoving party. See Harvey v. Deutsche Bank Nat'l Trust Co., 69 So.3d 300, 303 (Fla. 4th DCA 2011).
The trial court’s order was primarily predicated on the issue of HSBC’s entitlement to notice. The trial court faulted HSBC for failing “to allege or demonstrate that it is an institutional mortgagee ... entitling it to any such notice.” But HSBC argues, and our review of the record confirms, that that issue was never raised by East Bay in any motion or pleading prior to the summary judgment hearing. In fact, it appears that East Bay had been proceeding on an entirely different theory prior to the hearing: that the notice it did send was sufficient to allow for termination of the lease.[3] Thus HSBC was not prepared to argue that issue at the hearing. And when HSBC filed a motion for rehearing to address it, the trial court denied the motion without a hearing finding that HSBC was improperly trying to introduce new evidence.
Trial courts are limited to the grounds raised in a motion for summary judgment. See Rosenberg v. Cape Coral Plumbing, Inc., 920 So.2d 61, 64 (Fla. 2d DCA 2005). That limitation is imposed by Florida Rule of Civil Procedure 1.510(c), and the purpose “is to eliminate surprise and to provide the parties [with] ‘a full and fair opportunity to argue the issues.’ ” Williams v. Bank of Am. Corp., 927 So.2d 1091, 1093 (Fla. 4th DCA 2006) (quoting H.B. Adams Distrib. Inc. v. Admiral Air of Sarasota Cnty., Inc., 805 So.2d 852, 854 (Fla. 2d DCA 2001)). Accordingly, we con- *253 elude that the trial court committed reversible error in granting summary judgment on an issue not raised by East Bay. See Cheshire v. Magnacard, Inc., 510 So.2d 1231, 1234 (Fla. 2d DCA 1987); see also Swift Indep. Packing Co. v. Basic Food Int'l, Inc., 461 So.2d 1017, 1018 (Fla. 4th DCA 1984).
The trial court also concluded that HSBC’s interest in the condominium was terminated along with Mullan’s leasehold interest due to termination of the lease. Because the trial court concluded that HSBC was not entitled to notice, it did not address the sufficiency of the notice that East Bay provided nor did it address another clause within the condominium lease that required East Bay to waive the lease payments in arrears “for the period of time necessary to foreclose the mortgage or acquire title to the leasehold estate by a deed in lieu of foreclosure, whichever is sooner,” as long as certain conditions were met. We conclude that these issues also involve disputed issues of material fact which could not be resolved on a motion for summary judgment.
The trial court erred by granting final summary judgment on a ground not raised in East Bay’s motion and amended motion for summary judgment and where disputed issues of material fact remained. Consequently, we reverse and remand for further proceedings.
Reversed and remanded.
CASANUEVA and WALLACE, JJ., Concur.

. Mullan was a successor in interest to the lease which originated in 1977.

. Curiously, the motion is not listed on the circuit court clerk’s docket as having ever been filed. However, an entry on the docket made the same day as the affidavit in support of the motion suggests that the motion might have been filed but not listed specifically. The entry says "Notice of filing VER FP.” The copy of the motion in our record also contains a file date stamp reflecting the same date, but it is crossed out with an "X.” The absence of a specific docket listing does not affect this appeal as all parties have proceeded as if the motion was filed.

. Our record contains a copy of a letter and purported notice of breach that East Bay sent to HSBC.