WALLIS, J.
Ram Reddy, M.D., and Excel Hospitalist Partners, LLC' (“Appellants”), appeal a partial final summary judgment entered in favor of Ramiro Zurita, M.D. (“Appellee”), awarding $266,241 on Appellee’s claims for breach of promissory note and breach of the guarantee of the promissory note. On appeal, Appellants raise two issues, arguing that (1) Appellee prematurely filed the causes of action for breach of promissory note and guarantee and (2) the trial court incorrectly calculated the amount owed on the promissory note. Contrary to Appellants’ argument on the first issue, summary judgment was granted on issues outside those framed by the complaint, not on a prematurely filed claim in the complaint. Although Appellants are correct that the breach occurred after the complaint was filed, they failed to object and instead argued the merits, thereby waiving the issue for appellate review. We therefore affirm the partial final summary judgment finding a breach of the note and guarantee. We agree with Appellants that a genuine issue of material fact exists as to the amount owed on the promissory note. We therefore reverse the partial final summary judgment on the amount of damages owed and remand for further proceedings as to that issue only.
The complaint originated out of a dispute between Appellee and Dr. Reddy after they entered into business together in 2003. According to the complaint, Dr. Reddy, who owned Excel Hospitalists, agreed that Appellee would become a partner in Excel Hospitalists in 2005. Dr. Reddy did not keep his promise, and he substantially underpaid Appellee. In January 2012, Appellants agreed to pay Ap-pellee $266,241, with a personal guaranty from Dr. Reddy, as liquidated damages for underpaid wages for work completed through 2010. In memorializing the agreement in writing, Appellee created a promissory note (“Note A”), which started the payment schedule at $2,000 per month in January 2012. Appellants did not sign Note A, which required, in addition to the monthly payments to Appellee, a one-time payment of $69,542.00 due by the end of December 2012, year-ending lump-sum payments of $60,405,99 due at the end of December 2012 and December 2013, and a final payment of $19,699.47 due at the end of December 2014. Instead of signing Note A, Appellants created and signed a second promissory note (“Note B”), which removed the January 2012 start date for monthly payments but required $2,000 monthly payments to start at an undetermined time. Like Note A, Note B required a lump-sum payment by the end of 2012 and year-ending payments for 2012, 2013, and 2014.
In February 2012, Appellee filed a seven-count complaint alleging, in relevant part, breach of a promissory note and breach of guarantee. Importantly, the complaint attached both notes but alleged that only Note A was effective and that breaches occurred for failure to pay the monthly payments in January and February 2012. In March 2012, Appellants filed a motion to dismiss, alleging that if Appel-lee was attempting to enforce Note B, a cause of action for breach of promissory note would not be ripe because no payment would be due. In response, Appellee did not address the ripeness defense, instead arguing that Note A, the unexecuted promissory note, is valid and in default. The trial court properly denied the motion to dismiss in regard to the ripeness argument.[1]
*483 In June 2012, Appellants filed their answer and affirmative defenses. For almost the entire following year, the parties engaged in contentious discovery, ultimately culminating in discovery sanctions against Appellants. Dr. Reddy admitted in his deposition that he revised Note A to make Note B, that he executed Note B, and that Note B was effective. Dr. Reddy expressly stated that he owed Appellee the amount reflected in Note B, which represented the underpaid wages until 2010. Dr. Reddy testified that Appellants made some of the monthly payments due in 2012 but ultimately failed to make the lump-sum payment due in December 2012.[2]
In April 2013, Appellants filed an amended answer and affirmative defenses with the same ripeness challenge to Note B. In response, Appellee contended for the first time that a December 2012 breach rendered the claim for breach of Note B ripe.
In June 2013, Appellee moved for final partial summary judgment, at this point fully shifting its focus from Note A to Note B and arguing that Note B was effective. Appellee argued that the breach occurred when Appellants faijed to pay the December 2012 payments. In response, Appellants did not object or argue that Appellee sought relief not pleaded in the complaint. Instead, Appellants argued that a genuine issue of material fact existed as to Note B’s effectiveness because Appellee extorted Dr. Reddy. Appellants further argued that they made payments under Note B.
The trial court granted summary judgment, holding that based on the contradicted admissions, Note B was effective and Appellants breached the note in December 2012. The trial court found that Appellants made payments but nonetheless awarded damages of $266,241 — the full amount of principal under the note.[3] In a motion to amend, alter, or vacate the final partial summary judgment, Appellants argued that the damages should have been reduced by the $2,000 payments Appellants made after the suit was filed. Appellants also argued, for the first time, that a cause of action for a December 2012 breach of Note B was prematurely filed. The trial court denied Appellants’ motion to vacate, correctly holding that Appellants’ case citations concern dismissal of a prematurely filed claim in a motion to dismiss.
“A trial court’s ruling on a motion for summary judgment is subject to a de novo standard of review [and] ... ‘is proper [only] if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.’ ” Baxter v. Northrup, 128 So.3d 908, 909 (Fla. 5th DCA 2013) (quoting Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)). “An appellate court must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party; if the slightest doubt exists, summary judgment must be reversed.” Id. (citing Delta Fire Sprinklers, Inc. v. OneBeacon Ins. Co., 937 So.2d 695, 698 (Fla. 5th DCA 2006)).
Appellants first argue that the counts for a December 2012 breach of Note B and breach of guarantee were prematurely filed, and this court should therefore vacate the final summary judgment and remand for the trial court to *484 dismiss the complaint without prejudice. Appellants’ argument is flawed because the complaint did not contain allegations that Note B was the operative note or that Appellants breached Note B in December 2012. A claim that was never filed necessarily cannot be premature.
Appellants should have argued that in the motion for summary judgment, Appellee requested the trial court to rule on issues outside those framed in the pleadings. Indeed, “[a] judgment must be based upon a claim or defense that was either properly pled or tried by consent of the parties.” S. Fla. Coastal Elec., Inc. v. Treasures on Bay II Condo Ass’n, 89 So.3d 264, 266 (Fla. 3d DCA 2012) (citations omitted) (reversing summary judgment and remanding for further proceedings). “[I]ssues that are not pled in a complaint cannot be considered by the trial court at a summary judgment hearing.”[4] Saralegui v. Sacher, Zelman, Van Sant Paul, Beily, Hartman & Waldman, P.A., 19 So.3d 1048, 1051 (Fla. 3d DCA 2009) (quoting Fernandez v. Fla. Nat’l Coll., Inc., 925 So.2d 1096, 1101 (Fla. 3d DCA 2006)). “The function of a motion for summary judgment is to determine if the respective parties can produce sufficient evidence in support of the operative issues made in the pleadings.” Assad v. Mendell, 550 So.2d 52, 54 (Fla. 3d DCA 1989) (citing Hart Props., Inc. v. Slack, 159 So.2d 236 (Fla.1963)).
This case is a classic example of the facts of a case changing without the plaintiff amending the complaint. Appel-lee never pleaded facts related to Note B or the December 2012 breach. Thus, Appellants did not use the ultimate facts as the basis for a motion to dismiss for failure to state a cause of action. Once Appellee shifted his focus from Note A to Note B, Appellants should have objected or argued that Appellee requested the trial court to rule on issues outside those framed by the pleadings. Instead, Appellants argued Note B was not effective as if Appellee properly pleaded Note B in the complaint. By arguing whether a genuine issue of material fact existed as to Note B, Appellants waived a challenge to whether Note B was the operative note and whether default under Note B, if properly pleaded, was premature.[5] Had Appellants responded to Appellee’s motion for summary judgment by arguing that Appellee requested the trial court to rule on issues outside those framed by the pleadings, summary judgment would have been improper in this case.[6]
Appellants argue, as a second issue, the trial court’s damage calculation was incorrect and this issue should be remanded for recalculation of damages. Appellee argues that the record is not capable of demonstrating error because *485 Appellants cannot demonstrate the amount to reduce damages. Appellee misinterprets the burden on appeal. Appellants must only demonstrate that, in the light most favorable to the non-moving party, a genuine issue of material fact exists or judgment was improper as a matter of law. Baxter, 128 So.3d at 909. Here, the record demonstrates that Appellants made payments on Note B. For example, Ap-pellee admitted in the reply to the amended affirmative defenses that Dr. Reddy “[made] several payments pursuant to the promissory note.” Similarly, in Appellee’s motion for summary judgment, he contended that Dr. Reddy made partial payments toward the balance. The parties also stipulated in a pretrial statement that Appellants made partial payments. Finally, in the final partial summary judgment, the trial court expressly found that Appellants made partial payments toward the balance. Appellants met their burden to demonstrate error by showing a genuine issue of material fact exists as to the amount, which is now a question for the trier of fact to resolve.
Because Appellants failed to argue that Appellee requested the trial court grant summary judgment on issues not framed by the pleadings, Appellants’ argument that summary judgment was improper fails. We therefore affirm the final partial summary judgment to the extent that Appellants are liable for a breach of Note B. We reverse, however, for the trial court to conduct further proceedings about the amount owed under Note B.
AFFIRMED in Part; REVERSED in Part and REMANDED with Instructions.
HARRIS, C.M., Senior Judge, and HODGES, R.W., Associate Judge, concur.

. Because Appellee did not allege that Note B was valid or that a breach occurred for failure to pay on an obligation under Note B, the trial court properly ignored Appellants’ argu *483 ment that a breach under Note B had not yet ripened.

. The record does not identify the number of $2,000 payments actually made.

. The remaining counts were dismissed by Appellants and Appellee through a joint notice of dismissal with prejudice.

. Likewise, "[t]rial courts are limited to the grounds raised in a motion for summary judgment.” HSBC Mortg. Corp. (USA) v. Mullan, 159 So.3d 250, 252 (Fla. 2d DCA 2015) (citing Rosenberg v. Cape Coral Plumbing, Inc., 920 So.2d 61, 64 (Fla. 2d DCA 2005)).

. Issues not raised in the trial court are waived. Reznik v. FRCC Prods., Inc., 15 So.3d 847, 849 (Fla. 4th DCA 2009) ("[I]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.” (quoting Sunset Harbour Condo. Ass’n v. Robbins, 914 So.2d 925, 928 (Fla.2005))).

.If Appellants had objected, Appellee could have amended the complaint to include a cause of action under Note B. Appellee could have done so as late as a hearing on the motion for summary judgment through an ore tenus motion. See Assad, 550 So.2d at 54 (citing Bondu v. Gurvich, 473 So.2d 1307, 1310 n. 2 (Fla. 3d DCA 1984)).