DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACQUELINE SHAW JOHNSON,**
Appellant,

v.

**SPACE COAST CREDIT UNION,** as servicer for FEDERAL
HOME LOAN BANK OF ATLANTA,
Appellee.

No. 4D14-205

[February 17, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE12014242.

Dustin A. Zacks of King, Nieves & Zacks, PLLC, West Palm Beach, for appellant.

Gaspar Forteza and Moises T. Grayson of Blaxberg, Grayson & Kukoff, P.A., Miami, for appellee.

KLINGENSMITH, J.

Jacqueline Shaw Johnson ("appellant") appeals the trial court's final summary judgment of foreclosure in favor of Space Coast Credit Union ("appellee"). We agree with appellant that appellee failed to present sufficient proof of its standing to foreclose to support the entry of summary judgment, and reverse.

Appellant executed a promissory note and mortgage with Eastern Financial Credit Union for the purchase of a home. Eastern then sold both the note and the mortgage to the Federal Home Loan Bank of Atlanta (the "Bank") pursuant to a Participating Financial Institution Agreement (the "PFIA"), and thereafter Eastern became the servicer for appellant's loan.[1]

---

[1] Although appellee asserts that Eastern sold the note and mortgage to the Bank, it did not provide a date for when that sale took place. Additionally, there was no evidence of a confirmation of the sale as described in the PFIA. The PFIA provided that "The Bank's interest in all Mortgages funded or purchased under this Contract shall be evidenced by a Confirmation which shall conclusively establish the Bank's ownership of the Mortgages."

Shortly after appellant defaulted on the loan, appellee merged with Eastern and assumed its assets, liabilities, and obligations under the prior PFIA, and also entered into its own PFIA with the Bank. This second PFIA established appellee as the Bank's servicer.

Three years after the default, appellee filed a verified initial complaint of foreclosure against appellant, claiming that it was bringing the action as the servicer for the Bank, which owned the note and mortgage. Appellee stated that Eastern delivered both the mortgage and the note, endorsed in blank, to the Bank before Eastern and appellee merged. Appellee attached both the note and mortgage to the complaint, but the note was payable to Eastern and did not contain any endorsements. Appellee also attached an assignment of the mortgage executed by Eastern, but the document did not list an assignee. Finally, appellee attached a certificate of merger to substantiate its merger with Eastern as well as its assumption of Eastern's duties under the first PFIA.

During the litigation, appellee filed an affidavit signed by its real estate loss mitigation manager in an attempt to assert an additional count to reestablish a lost note (the "Lost Note Affidavit"), even though a lost note count was not raised in the initial complaint. The Lost Note Affidavit stated that the original note had been lost and could not be found, and included as an attached exhibit a copy of the note with an allonge bearing an undated, blank endorsement from Eastern. Appellee never formally moved to amend the complaint to add the lost note count.

Appellee then filed a motion for final summary judgment of foreclosure. In her defense against the motion, appellant argued, in pertinent part, that appellee failed to show it had possession of the original note when the complaint was filed, and that there was no evidence that the Bank ever owned or possessed the note.

In response, appellee filed the affidavit of an assistant manager of mortgage program operations/bank officer for the Bank, who claimed that appellee was "authorized to foreclose on any and all loans that are subject to the" two PFIAs, and attached copies of both agreements. The assistant manager also averred that the Bank owned the note and mortgage and that appellee was a holder of the instruments. That same day, appellee filed an amended motion for summary judgment containing allegations consistent with the assistant manager's affidavit, claiming that it had standing to foreclose based upon its status as servicer for the Bank and its possession of the note bearing the blank endorsement from Eastern.

The trial court conducted a hearing on appellee's motion for summary judgment and rendered final summary judgment in favor of appellee. This timely appeal followed.

We have held that "[a] plaintiff must tender the original promissory note to the trial court or seek to reestablish the lost note under section 673.3091, Florida Statutes." *Servedio v. U.S. Bank Nat'l Ass'n*, 46 So. 3d 1105, 1107 (Fla. 4th DCA 2010); *see also State St. Bank & Trust Co. v. Lord*, 851 So. 2d 790, 791 (Fla. 4th DCA 2004) ("To maintain a mortgage foreclosure, the plaintiff must either present the original promissory note or give a satisfactory explanation for its failure to do so."). Additionally, "[i]ssues that are not pled in a complaint cannot be considered by the trial court at a summary judgment hearing." *Reddy v. Zurita*, 172 So. 3d 481, 484 (Fla. 5th DCA 2015) (quoting *Saralegui v. Sacher, Zelman, Van Sant Paul, Beily, Hartman & Waldman, P.A.*, 19 So. 3d 1048, 1051 (Fla. 3d DCA 2009)).

Here, appellee attempted to pursue a claim that was not included in its initial complaint and never raised in an amended complaint; namely, a claim to reestablish a lost note. Instead, appellee filed the Lost Note Affidavit stating that the note had been lost, which contradicted the assertions in the initial complaint, and attached a different copy of the note which included an allonge bearing a blank endorsement from Eastern. This version of the note was not attached to any other pleading besides the Lost Note Affidavit.

Because appellee never formally requested leave to amend the complaint, the count to reestablish the lost note was not properly before the trial court at the summary judgment hearing. *See Feltus v. U.S. Bank Nat'l Ass'n*, 80 So. 3d 375, 375-77 (Fla. 2d DCA 2012) (holding that a pleading attempting to assert an additional claim that is not filed in accordance with Florida Rule of Civil Procedure 1.190(a) is a nullity, and such claims are not properly before the trial court at the summary judgment stage); *see also Reddy*, 172 So. 3d at 484 (holding that a trial court cannot consider issues that were not raised in a complaint at the summary judgment stage). By extension, any attachments to the Lost Note Affidavit were irrelevant to the proceedings before the court. Thus, the only properly filed version of the note the trial court could consider at the summary judgment hearing was the note attached to the initial complaint, which listed Eastern as the payee and did not contain any subsequent endorsements.

The fact that appellee attempted to raise a lost note count and filed a more recent version of the note with the Lost Note Affidavit indicates that

the copy of the note attached to the initial complaint was not the original. As such, the original note was never properly filed with the trial court. Even if it had been, appellee still did not present any summary judgment evidence regarding when the blank endorsement from Eastern was placed on the copy of note attached to the Lost Note Affidavit, or when appellee came into possession of that instrument. A "plaintiff must prove that it had standing to foreclose when the complaint was filed." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). When attempting "to enforce a note endorsed in blank, a foreclosing party must show that they had possession of the note at the inception of the lawsuit." *Guzman v. Deutsche Bank Nat'l Trust Co.*, 4D14-2509, 2015 WL 7568558, at *2 (Fla. 4th DCA Nov. 25, 2015).[2]

Appellee argues that it had standing to foreclose as the holder of the original note, and because it was authorized by the Bank to bring the action as the servicer. Assuming these claims are true, they still do not remedy appellee's failure to properly file the original note with the trial court, as required. *Servedio*, 46 So. 3d at 1107; *see also Lord*, 851 So. 2d at 791. In light of the fact that the note attached to the initial complaint (the only note the trial court could consider at the summary judgment stage) was payable to Eastern and did not contain any subsequent endorsements, appellee's claims lack merit.

"If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." *Dennis v. Kline*, 120 So. 3d 11, 20 (Fla. 4th DCA 2013) (quoting *Shaw v. Tampa Elec. Co.*, 949 So. 2d 1066, 1069 (Fla. 2d DCA 2007)). Considering appellee failed to properly file the original note, it cannot be said that there were no issues of material fact regarding its standing to foreclose in this case.

---

[2] We note that appellee merged with Eastern before it filed suit. It is true that a foreclosing party can establish standing to foreclose via merger with the original lender, so long as it establishes that it acquired all of the original lender's assets, "including [the] note and mortgage, by virtue of the merger." *Fiorito v. JP Morgan Chase Bank Nat'l Ass'n*, 174 So. 3d 519, 521 (Fla. 4th DCA 2015). Here, however, appellee claimed that Eastern sold the note and mortgage to the Bank, and delivered the original note endorsed in blank to the Bank, at some point *before* the merger took place. Therefore, as the original note was no longer an asset of Eastern's at the time of merger, appellee could not have proved its possession of the original note in this manner, even if it had been properly filed with the trial court.

Because we reverse the trial court's entry of final summary judgment in favor of appellee on the issue of standing, we see no need to address the other issues raised by appellant on appeal.

*Reversed and Remanded.*

GROSS and GERBER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**