IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

GUARDIAN CARE SERVICES OF BREVARD, INC.,

      Appellant,

v.

      Case No.  5D22-1846
      LT Case No. 2021-015131,
             22-013PH

AGENCY FOR HEALTH CARE ADMINISTRATION,

      Appellee.
_____/

Decision filed July 28, 2023

Appeal from the Agency for Health Care Administration.

John E. Terrel, of Howell, Buchan & Strong, Tallahassee, for Appellant.

Tracy Lee Cooper George, Chief Appellate Counsel, and Eleanor H. Sills, Senior Attorney, of Agency for Health Care Administration, Tallahassee, for Appellee.

PER CURIAM.

     AFFIRMED.

JAY and SOUD, JJ., concur.
MACIVER, J., concurs with opinion.

MACIVER, J., concurring

I concur fully with the affirmance in this case as I believe the agency acted wholly within its statutory authority. I write separately to briefly address the agency's assertion that "[p]reservation is essential to appellate review, even in the administrative context." While it is well-founded that "a party may not raise an issue for the first time on appeal,"[1] I am skeptical of the district court cases that extend this rule to administrative cases.

The Florida Constitution provides, "District courts of appeal shall have the power of *direct review* of administrative action, as prescribed by general law." Art. V, § 4(b)(2) (emphasis added). Article V, Section 1, requires that, "The judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality." Further, "Commissions established by law, or administrative officers or bodies may

---

[1] *See, e.g., Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) (per curiam) ("As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal."); *Reddy v. Zurita*, 172 So. 3d 481, 484 n.5 (Fla. 5th DCA 2015) ("Issues not raised in the trial court are waived."); *Hernandez v. Kissimmee Police Dep't*, 901 So. 2d 420, 421 (Fla. 5th DCA 2005) ("As a general rule, reviewing courts will not consider claims of error which are raised for the first time on appeal."); *Greenberg v. Bekins of S. Fla.*, 337 So. 3d 372, 375 (Fla. 4th DCA 2022) ("It is generally inappropriate for a party to raise an issue for the first time on appeal.").

be granted *quasi-judicial power* in matters connected with the functions of their offices." *Id.* (emphasis added).

One of the exceptionally few factors that distinguishes a quasi-judicial body from a court is the existence of judicial review that the Constitution declares to be *direct*. When an administrative case reaches the district court, the issues brought by the parties have not yet been heard by an officer of the judicial branch. With that said, the general law that effects our direct review is section 120.68, Florida Statutes, which repeatedly refers to such cases as appellate proceedings, requires that they be initiated by a notice of appeal, and that the record be compiled in accordance with the rules of appellate procedure.

In my opinion, treating judicial review of administrative decisions with the same restrictions as appellate review of lower court decisions goes too far in eroding the distinction between administrative quasi-judicial bodies and the courts that have been allowed by the people under their Constitution.

If this case turned on the preservation issue alone, unless made aware of a binding Florida Supreme Court precedent, I would find it very hard to hold that the longstanding principle that issues must be presented below or they are waived extends to the administrative decisions of a quasi-judicial body. However, because the agency acted within its jurisdiction it is not necessary for us to reach that issue in this case.