# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1466
LT Case No. 2019-CA-000949

_____

DAVID HAZAN,

     Appellant,

     v.

TIFFANY REID,

     Appellee.

_____


On appeal from the Circuit Court for Seminole County.
Jessica J. Recksiedler, Judge.

Justin R. Clark, of Justin Clark & Associates PLLC, Maitland,
for Appellant.

Travis R. Hollifield, of Hollifield Legal Centre, Winter Park, and
Mary J. Walter, of Walter Appeals, PLLC, Orlando, for Appellee.

June 21, 2024


HARRIS, J.

David Hazan appeals the final judgment entered against him after a jury found him liable for civil battery against Tiffany Reid. He argues that the trial court erred in denying his motion for judgment notwithstanding the verdict, that the jury was compromised by prejudicial testimony, and the verdict was excessive and inconsistent with the evidence adduced at trial.

Because the record is inadequate for appellate review and because Hazan has not demonstrated error, we affirm.

In February 2019, Reid sued Hazan for one count of battery. Reid alleged that she was a former employee of Hazan's dental practice and that while at work, Hazan grabbed her arm and poked her midsection. She alleged she suffered physical and emotional harm as a result of the battery and that the battery was highly offensive, inappropriate, and unwanted by her, which caused her constructive discharge from employment. She demanded a jury trial.

The case proceeded to trial in January 2023. A transcript of the trial is not included in the appellate record. Court minutes reflect that: Reid and Hazan were the only two witnesses who testified; no exhibits were entered into evidence during trial; after the close of Reid's case, Hazan moved for directed verdict, which the court denied; after the close of Hazan's case, Hazan renewed his motion for directed verdict, which the court also denied; and the jury returned a verdict in favor of Reid ultimately awarding Reid $25,000 in past non-economic damages.

After the verdict, Hazan moved for judgment notwithstanding the verdict or for a new trial. He argued that the evidence at trial did not support the verdict and therefore, the measure of damages was inaccurate and inapposite to current case law. He asserted that the evidence was uncontroverted that Reid was not offended by the touching or that he intended to cause the injury alleged, nor were there any specific findings of mental distress or embarrassment. The court denied Hazan's motion and this appeal followed.

"Entry of a judgment notwithstanding the verdict is appropriate only in situations where there is no evidence upon which a jury could rely in finding for the non-moving party." *Hinton v. Supervision Int'l Inc.*, 942 So. 2d 986, 988 (Fla. 5th DCA 2006). Hazan contends that the evidence did not support the jury's award of $25,000, that the jury was compromised by repeated irrelevant and prejudicial testimony, and that the verdict was excessive and inconsistent with a simple battery. He notes that Reid failed to introduce any medical bills into evidence and as a

2

result, the jury awarded Reid for reimbursement of attorney fees and other expenses she did not prove at trial.

Hazan failed to preserve his arguments for appeal because they were not raised in his motion for judgment notwithstanding the verdict or for a new trial. *See Reznik v. FRCC Prods., Inc.,* 15 So. 3d 847, 849 (Fla. 4th DCA 2009) ("[I]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (quoting *Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005))). Moreover, the lack of trial transcript precludes appellate review on this issue. *See Lasco Enters. v. Kohlbrand*, 819 So. 2d 821 (Fla. 5th DCA 2002) (holding contractor failed to meet burden of establishing reversible error by denying motion for directed verdict against homeowners' counterclaims, where contractor failed to provide appellate court with complete copy of trial transcript as to denial of motion for directed verdict).

In the absence of preserved and established error, we affirm.

AFFIRMED.

MAKAR and SOUD, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––